BRIGGS, ADMINISTRATRIX, *v.* PENNSYLVANIA RAILROAD CO.

No. 530.   Argued March 30, 1948.—Decided May 24, 1948.

---

[1] The Act of June 29, 1932, c. 310, § 1, 47 Stat. 381.

*Sol Gelb* submitted on brief for petitioner.

*William J. O'Brien, Jr.* argued the cause for respondent. With him on the brief were *Louis J. Carruthers, Hugh B. Cox* and *Arthur R. Douglass.*

Mr. Justice Jackson delivered the opinion of the Court.

This case first presents the question whether a plaintiff recovering under the Federal Employers' Liability Act, 45 U. S. C. § 51, is entitled to have interest on the verdict for the interval between its return and the entry of judgment, where the Circuit Court of Appeals' mandate which authorized the judgment contains no direction to add interest and is never amended to do so.

The jury returned a verdict of $42,500. The District Court then granted a motion, as to which decision had been reserved during the trial, to dismiss the complaint for lack of jurisdiction, and the judgment entered was therefore one of dismissal. However, the Circuit Court of Appeals reversed, 153 F. 2d 841, and directed that judgment be entered on the verdict for plaintiff. When the District Court entered judgment, it added to the verdict interest from the date thereof to the date of judgment. The mandate of the Circuit Court of Appeals had made no provision for interest. No motion to recall and amend the mandate had been made and the term at which it was handed down had expired. Motion to resettle so as to exclude the interest was denied by the District Court. The Circuit Court of Appeals has modified the judgment to exclude the interest in question and to conform to its mandate, 164 F. 2d 21, and the case is here on certiorari, 333 U. S. 836.

In its earliest days this Court consistently held that an inferior court has no power or authority to deviate from the mandate issued by an appellate court. *Himely* v. *Rose,* 5 Cranch 313; *The Santa Maria,* 10 Wheat. 431; *Boyce's Executors* v. *Grundy,* 9 Pet. 275; *Ex parte Sibbald* v. *United States,* 12 Pet. 488. The rule of these cases has been uniformly followed in later days; see, for example, *In re Washington & Georgetown R. Co.,* 140 U. S. 91; *Ex parte Union Steamboat Company,* 178 U. S. 317; *Kansas City Southern R. Co.* v. *Guardian Trust Co.,* 281 U. S. 1. Chief Justice Marshall applied the rule to interdict allowance of interest not provided for in the mandate, *Himely* v. *Rose,* 5 Cranch 313; Mr. Justice Story explained and affirmed the doctrine, *The Santa Maria,* 10 Wheat. 431; *Boyce's Executors* v. *Grundy,* 9 Pet. 275. We do not see how it can be questioned at this time. It is clear that the interest was in excess of the terms of the mandate and hence was wrongly included in the District Court's judgment and rightly stricken out by the Circuit Court of Appeals. The latter court's mandate made no provision for such interest and the trial court had no power to enter judgment for an amount different than directed. If any enlargement of that amount were possible, it could be done only by amendment of the mandate. But no move to do this was made during the term at which it went down. While power to act on its mandate after the term expires survives to protect the integrity of the court's own processes, *Hazel-Atlas Glass Co.* v. *Hartford Co.,* 322 U. S. 238, it has not been held to survive for the convenience of litigants. *Fairmont Creamery Co.* v. *Minnesota,* 275 U. S. 70.

The plaintiff has at no time moved to amend the mandate which is the basis of the judgment. That it made no provision for interest was apparent on its face. Plaintiff accepted its advantages and brings her case to this Court, not on the proposition that amendment of the

mandate has been improperly refused, but on the ground that the mandate should be disregarded. Such a position cannot be sustained. Hence the question whether interest might, on proper application, have been allowed, is not reached.[1] *In re Washington & Georgetown R. Co.,* 140 U. S. 91.[2]

*Affirmed.*

MR. JUSTICE RUTLEDGE, with whom MR. JUSTICE BLACK, MR. JUSTICE DOUGLAS and MR. JUSTICE MURPHY join, dissenting.

We granted certiorari to resolve a conflict between the decision of the Circuit Court of Appeals, 164 F. 2d 21, and one rendered by the like court for the Fifth Circuit in *Louisiana & Arkansas R. Co.* v. *Pratt,* 142 F. 2d 847.

In each case the jury returned a verdict for the plaintiff, but the trial court nevertheless gave judgment for the defendant as a matter of law;[1] upon appeal that

---

[1] Compare *Louisiana & Arkansas R. Co.* v. *Pratt,* 142 F. 2d 847, with *Briggs* v. *Pennsylvania R. Co.,* 164 F. 2d 21.

[2] "We do not consider the question as to whether interest was allowable by law, or rule, or statute, on the original judgment of the special term, or whether it would have been proper for the special term, in rendering the judgment, or otherwise, to have allowed interest upon it, or whether it would have been proper for the general term to do so; but we render our decision solely upon the point that, as neither the special term nor the general term allowed interest on the judgment, and as this court awarded no interest in its judgment of affirmance, all that the general term could do, after the mandate of this court went down, was to enter a judgment carrying out the mandate according to its terms, and simply affirming the prior judgment of the general term, and directing execution of the judgment of the special term . . . with costs, and without interest . . . ." 140 U. S. 91 at 97.

[1] In this case the complaint was dismissed on the ground that the plaintiff administratrix lacked capacity to bring the action; in the *Pratt* case the trial court found the verdict inconsistent with answers given to special interrogatories, and therefore gave judgment for the defendant.

judgment was reversed; and the cause was remanded with directions to enter judgment on the verdict. In both cases the appellate courts' mandates were silent concerning interest, but the trial courts included in the judgments interest from the date of the verdict, not merely from the time when judgment was entered following receipt of the appellate courts' mandates.[2] In the *Pratt* case this action of the trial court was sustained as conforming to the mandate; in this case the trial court's like action was reversed as being in excess of and, to that extent, contrary to the mandate.

The two cases thus present squarely conflicting decisions on two questions: (1) whether the appellate court's mandate includes the interest provided by 28 U. S. C. § 811,[3] although the mandate makes no explicit mention of interest; (2) whether, if so, the interest allowed by the section properly runs from the date of the verdict[4]

---

[2] In the *Pratt* case the District Court allowed interest not only from the date of the verdict but also from the date of judicial demand. This was modified on appeal to allow interest only from the date of verdict. 142 F. 2d 847.

[3] The section is as follows: "Interest shall be allowed on all judgments in civil causes, recovered in a district court, and may be levied by the marshal under process of execution issued thereon, in all cases where, by the law of the State in which such court is held, interest may be levied under process of execution on judgments recovered in the courts of such State; and it shall be calculated from the date of the judgment, at such rate as is allowed by law on judgments recovered in the courts of such State." Rev. Stat. § 966, 28 U. S. C. § 811.

[4] Although § 811 requires calculation of interest "from the date of the judgment," the claim is that, in circumstances like these, the words "the judgment" should be taken to specify not the time of entering judgment after appeal and issuance of mandate following reversal, but the time when judgment properly would have been entered but for the delay caused by the defendant's resistance to the plaintiff's rightful claim as established on appeal. Cf. Fed. Rules Civ. Proc., Rule 58. Petitioner fixes this time as the date of the

or only from the time of entering judgment after receipt of the appellate court's mandate. Both questions are necessarily involved on petitioner's presentation and should now be decided.

This Court, however, declines to answer the second question, because it determines the first in respondent's favor, accepting, erroneously I think, the decision of the Circuit Court of Appeals in this phase of the case.[5] That court construed its mandate as not including interest. This was on the basis that the mandate was silent concerning interest, mentioning expressly only the principal sum awarded by the verdict. In such a case the court said, "the District Court is without power to enter judgment for a different sum."[6] Hence, it was held, the mandate was violated when interest was added to that sum. 164 F. 2d at 23. And even upon the assumption that the mandate might have been amended to include interest by timely application for that purpose, this could not be done after expiration of the term at which the judgment was rendered, as petitioner sought to have done.[7] *Ibid.*

verdict. It is not necessary now to consider whether, if petitioner's broad contention were accepted, the proper date would be that of the verdict or that on which the trial court concluded its consideration of the case and entered the original judgment for the defendant.

[5] The Circuit Court of Appeals not only rested upon its construction of its mandate and the view that it could not be altered after the term, but also decided the question concerning petitioner's right to interest under § 811 adversely to his claim that it begins to run prior to the date of the trial court's entry of judgment after remand. To what extent this ruling influenced the decision as to the mandate's effect is not clear.

[6] Citing *In re Washington & Georgetown R. Co.*, 140 U. S. 91; *Thornton* v. *Carter*, 109 F. 2d 316. See text *infra* at note 11.

[7] In the *Pratt* case the term of court at which the original mandate of the Circuit Court of Appeals had been handed down had similarly expired.

It is this treatment of the court's mandate, now accepted by this Court and forming the basis for its disposition of the case without reaching the question certiorari was granted to review, from which I dissent. It confuses settled lines of distinction between different statutes and of decisions relating to them. I think these were correctly drawn and ought to be maintained. If that were done, we would be forced to reach and decide the question now avoided concerning the effect of § 811.

Ordinarily it is for the court issuing a mandate to determine its scope and effect, and other courts are bound by its determination. But this is not always so. If it were true, for example, that the silence of a mandate or a judgment regarding interest invariably precluded its recovery, the Court's decision and that of the Circuit Court of Appeals would be correct. But an explicit provision for interest is not always necessary to its inclusion, whether in a judgment or a mandate. In some instances interest attaches as a matter of law, even though the mandate or judgment is wholly silent regarding it. In others explicit mention is necessary to its inclusion. *Blair* v. *Durham,* 139 F. 2d 260, and authorities cited.

Where the claim for interest rests upon statute, whether the one or the other effect results depends upon the terms and effect of the particular statute on which the claim is founded. Because not all statutes are alike in this respect, the terms and intent of each must be examined, when put in question, to ascertain whether the interest allowed attaches to the judgment or the mandate by operation of law or only upon explicit judicial direction. Usually this is resolved by determining whether the interest allowed is to be given in the court's discretion or as a matter of right. *Blair* v. *Durham, supra.*

As the *Blair* opinion points out, ordinarily there is no occasion to mention statutory interest expressly, since it

attaches as a legal incident from the statute allowing it.[8] On the other hand, it has often been declared that interest is not allowed on judgments affirmed by this Court or the Circuit Courts of Appeals unless so ordered expressly.[9] The *Blair* opinion, however, further notes that all the cases so declaring are founded upon another statute than the one involved here, namely, 28 U. S. C. § 878.[10] And, it may be added, the decisions relied upon by this Court and by the Circuit Court of Appeals in this phase of the case presently before us involved either § 878 or the allowance of other relief not based on § 811.[11]

It becomes important therefore to ascertain whether the two statutes, §§ 811 and 878, are alike in their effects as requiring or not requiring explicit mention of the interest provided for in order for it to be included in a

---

[8] *Massachusetts Benefit Assn. v. Miles*, 137 U. S. 689.

[9] See the cases cited in note 10.

[10] 139 F. 2d 260, 261. The authorities cited were *In re Washington & Georgetown R. Co.*, 140 U. S. 91; *Boyce's Executors* v. *Grundy*, 9 Pet. 275; *De Witt* v. *United States*, 298 F. 182; *Green* v. *Chicago, S. & C. R. Co.*, 49 F. 907; *Hagerman* v. *Moran*, 75 F. 97.

[11] None of the cases on which this Court bases its decision involves § 811. They involve either § 878 (*Boyce's Executors* v. *Grundy*, 9 Pet. 275; *In re Washington & Georgetown R. Co.*, 140 U. S. 91, which the majority emphasize by quotation); the allowance of interest in the absence of statute as, *e. g.*, where goods are illegally seized and detained (*Himely* v. *Rose*, 5 Cranch 313; *The Santa Maria*, 10 Wheat. 431) ; or the granting of relief, other than interest, beyond that decreed in the mandate (*Ex parte Sibbald* v. *United States*, 12 Pet. 488; *Ex parte The Union Steamboat Company*, 178 U. S. 317; *Kansas City So. R. Co.* v. *Guardian Trust Co.*, 281 U. S. 1).

Of the cases cited by the Circuit Court of Appeals, see note 6, *In re Washington & Georgetown R. Co.*, *supra*, is a § 878 case, and *Thornton* v. *Carter*, 109 F. 2d 316, does not turn on § 811.

Thus, none of the authorities relied on governs the question presented here, *viz.*, whether under § 811 the mandate of the reviewing court excluded interest and was violated by its addition.

judgment or mandate. The two sections are very different in their terms. Section 878 authorizes the federal appellate courts to award damages for delay,[12] and in terms makes the award discretionary with the reviewing court. *Schell* v. *Cochran,* 107 U. S. 625. It is in connection with such awards, as has been stated, that the repeated decisions now applied to petitioner's claim, grounded solely on § 811, have held that interest is to be deemed denied unless explicitly mentioned in the mandate.[13]

On the other hand, § 811 is very different. Nothing in its terms permits an implication that the award of interest is to be made as a matter of judicial discretion. The language is mandatory.[14] The section's obviously discriminating use of words, emphasized by comparison with that of § 878, gives the interest it encompasses as a matter of right. *United States* v. *Verdier,* 164 U. S. 213. This is so whether that interest begins to run as of one date or another. Whatever interest the section allows attaches as an incident flowing from the statute and is dependent in no way upon judicial discretion or upon judicial inadvertence in failing to mention it. This was the effect of the decisions in the *Pratt* and *Blair* cases, as well as *United States* v. *Verdier, supra.*

The Court's decision ignores these vital differences in the statutes, their terms and effects. Consequently it misapplies the decisions relating to § 878 and other situ-

---

[12] The section is as follows: "Where, upon a writ of error, judgment is affirmed in the Supreme Court or a circuit court of appeals, the court shall adjudge to the respondents in error just damages for his delay, and single or double costs, at its discretion." Rev. Stat. § 1010, 28 U. S. C. § 878.

[13] See the authorities cited in note 10; see also note 11.

[14] "Interest *shall* be allowed on all judgments in civil causes, recovered in a district court, and *may* be levied . . ."; "it *shall* be calculated . . . ." (Emphasis added.) See note 3.

ations where the relief sought was discretionary, to this claim arising only under § 811. The same thing happened in the Circuit Court of Appeals. However, the two sections differ so greatly in their terms, as bearing on whether the mandate's failure to mention interest excluded it, that there can be no justification for confusing or identifying them in this respect. The decisions construing § 878 are neither controlling nor pertinent to that problem when it arises under § 811.

Petitioner's only claim is under the latter section. He seeks as of right interest given by § 811 and attaching to the judgment entered in his favor regardless of the mandate's omission to mention interest. This claim in my opinion is well grounded, to whatever extent § 811 allows interest. To that extent interest attaches and was meant to attach by operation of law, and regardless of the mandate's specificity, to the judgment rendered for the plaintiff. The extent to which the section gives interest is, of course, a distinct question, depending in this case on whether the section contemplates that the interest shall begin to run at one date or another.

Since the Court does not decide that question, I reserve decision upon it. But I dissent from the refusal to decide it now. The question is of considerable importance for the proper and uniform administration of the statute; it is not entirely without difficulty;[15] and the uncertainty

---

[15] Cf. note 4. The matter is somewhat complicated by the anomaly which would result from a decision that, while § 878 provides for allowance of interest as damages for delay when a decision is affirmed, neither that section nor § 811 explicitly provides any such indemnity when a judgment for the defendant is reversed with directions to enter judgment for the plaintiff; and by the considerations, obviously relevant on the face of § 811, see note 3, relative to securing uniformity in the allowance of interest as between the federal courts and courts of the state in which the federal court sits. Cf. *Massachusetts Benefit Assn.* v. *Miles,* 137 U. S. 689; cf. also *Erie R. Co.* v. *Tompkins,* 304 U. S. 64.

as well as the conflict of decision should be ended. There is no good reason for permitting their indefinite continuance, to the perplexity of courts and counsel, and to an assured if unpredictable amount of injustice to litigants.