**ROYAL TYPEWRITER CO., Inc. v. REMINGTON RAND, Inc.**

**Civ. No. 2031.**

United States District Court
D. Connecticut.

Nov. 3, 1948.

For original opinion, see 76 F.Supp. 220.

George E. Faithfull, Davis, Hoxie & Faithfull, New York City, Curtiss K. Thompson, Thompson, Weir & MacDonald, New Haven, Conn., for plaintiff.

Edwin T. Bean, Bean, Brooks, Buckley & Bean, Buffalo, New York, Francis J. McNamara, New York City, Raymond E. Hackett, Cummings & Lockwood, Stamford, Conn., for defendant.

SMITH, District Judge. ·

On appeal from an interlocutory decree in a patent case granting accounting and permanent injunction against further infringement, D.C., 76 F.Supp. 220, the Circuit Court of Appeals affirmed, 2 Cir., 168 F.2d 691.

Plaintiff moves for entry of order on mandate.

Defendant moves to modify, and vacate in part the interlocutory decree.

There appears to be no question but that the affirmance established the

propriety of the granting of the injunction as the law of the case. This court must conform to the mandate and enter judgment as in the original decree.[1] Whether thereafter on a proper showing the district court may modify the injunction without modification of the mandate after application to the Court of Appeals appears to be in some doubt. Most courts follow the Bissell case (n. 1, supra) and deny the power to the trial court to modify a permanent injunction which has been affirmed by the judgment of the Court of Appeals. Judge Lurton pointed out, however, (opinion, 72 F. at page 557) that the matter was not concluded in the Second Circuit, the U. S. Electric-Lighting Co. case[2] indicating that power was thought to remain in the trial court to suspend temporarily, at least, its injunction on sufficient cause shown.

■■ Instances may arise where such a temporary suspension is called for. Such power, if it exists, however, should not be exercised by the district court to relieve against a condition known to the parties or reasonably to be expected by them, at the time of the settlement of the interlocutory decree or the proceedings on appeal therefrom.

No showing has been made which would call for consideration by this court of any modification of the decree.

Defendant has known of the terms of the decree providing for a permanent injunction for very nearly a year and has persisted in its infringement for that entire period while the case was on appeal, without any attack in the Court of Appeals on the appropriateness of the form of relief.

The order on mandate will be signed and filed as presented.

The motion to modify and vacate in part the interlocutory decree entered November 18, 1947 is denied.

1. Eastern Cherokees v. U. S., 1912, 225 U.S. 572, 32 S.Ct. 707, 56 L.Ed. 1212; Bissell Carpet-Sweeper Co. v. Goshen Sweeper Co., 6 Cir., 1896, 72 F. 545; Pocono Rubber Cloth Co. v. J. A. Livingston, Inc., 3 Cir., 1937, 92 F.2d 290; Briggs v. Pennsylvania R. Co., 2 Cir., 1947, 164

F.2d 21, 1 A.L.R.2d 475, affirmed 1948, 334 U.S. 304, 68 S.Ct. 1039, 92 L.Ed. 1403; Raydure v. Lindley et al., 6 Cir., 1920, 268 F. 338, 340.

2. Edison Electric Light Co. v. U. S. Electric-Lighting Co., 2 Cir., 1892, 59 F. 501.