**The UNITED STATES,
Plaintiff–Appellant,**

v.

**FEDERAL INSURANCE COMPANY
and Cometals, Inc.,
Defendants–Appellees.**

No. 88–1234.

United States Court of Appeals,
Federal Circuit.

Sept. 30, 1988.

Barbara M. Epstein, Commercial Litigation Branch, Dept. of Justice, New York City, argued for plaintiff-appellant. With her on the brief were John R. Bolton, Asst. Atty. Gen., David M. Cohen, Director, Washington, D.C., and Joseph I. Liebman, Atty. in Charge, Intern. Trade Field Office, New York City.

David Serko, Serko, Simon & Abbey, New York City, argued for defendants-appellees.

Before MARKEY, Chief Judge, SMITH and NIES, Circuit Judges.

EDWARD S. SMITH, Circuit Judge.

In this international trade case, the United States Court of International Trade entered a "Judgment in Conformity with Mandate,"[1] awarding the United States (Government) both unpaid import duties in the amount of $230,344.12 and postjudgment interest on that amount. The court below denied prejudgment interest and the Government appeals that denial. We reverse the denial of prejudgment interest. Consequently, we vacate the amount of interest awarded and remand for recalculation.

## Issue

The principal issue on appeal is whether the Court of International Trade erred by holding that Federal Rule of Appellate Procedure 37 precluded it from attaching prejudgment interest, pursuant to 19 U.S.C. § 580, to that court's award of unpaid import duties in compliance with a mandate by this court.

## Background

Originally, this proceeding was initiated by the United States to recover unpaid liquidated import duties in the amount of $230,344.12 and interest from an importer of titanium sponge, Cometals, Inc., and/or its surety, Federal Insurance Co. (collectively referred to as Federal). The importer and its surety had executed a bond ensuring the payment of the duties. On March 14, 1985, the Court of International Trade entered judgment against the United States, holding that the United States was equitably estopped from collecting the unpaid import duties in question from these parties.[2] The Government appealed that decision to this court.

On appeal, this court reversed the judgment of the Court of International Trade and remanded the case to that court "for entry of judgment on liability in favor of the [G]overnment and such further proceedings as [were] consistent with [that] opinion."[3] Federal's petition for rehearing was subsequently denied and, on December 15, 1986, this court's mandate (prior mandate) issued in accordance with Federal Rule of Appellate Procedure 41.

On remand, the Court of International Trade, in its Judgment in Conformity with Mandate, entered judgment for unpaid import duties upon a bond to the Government in an amount of $230,344.12. In addition, that court awarded to the United States postjudgment interest on that amount in accordance with 28 U.S.C. § 1961(c)[4] at the annual rate established under section 6621 of the Internal Revenue Code of 1954.[5] However, the Court of International Trade denied the United States' request for prejudgment interest. On that issue, the Court of International Trade, citing both Federal Rule of Appellate Procedure 37 and *Briggs v. Pennsylvania Railroad Co.*,[6] held that it was powerless in this case to

---

1. *United States v. Federal Ins. Co.*, Court No. 82-05-00594 (Ct.Int'l Trade Dec. 8, 1987).

2. *United States v. Federal Ins. Co.*, 9 C.I.T. 124, 605 F.Supp. 298 (Ct. Int'l Trade 1985).

3. *United States v. Federal Ins. Co.*, 805 F.2d 1012, 1020 (Fed.Cir.1986), *cert. denied,* — U.S. —, 107 S.Ct. 2179, 95 L.Ed.2d 835 (1987).

4. 28 U.S.C. § 1961(c) (1982).

5. 26 U.S.C. § 6621 (1982).

6. *Briggs v. Pennsylvania R.R.*, 334 U.S. 304, 68 S.Ct. 1039, 92 L.Ed.2d 1403 (1948).

add interest for a period prior to the mandated judgment when the mandate of the appellate court did not expressly contain instructions with respect to allowance of interest. For the reasons set forth below, we hold that the Court of International Trade erred, as a matter of law, in reaching this conclusion.

### Analysis

Rule 37 of the Federal Rules of Appellate Procedure provides the general rule for the payment of interest on a trial court's judgment for money that has been reviewed by an appellate court.

**Rule 37.** *Interest on Judgments*

*Unless otherwise provided by law,* if a judgment for money in a civil case is affirmed, whatever interest is allowed by law shall be payable from the date the judgment was entered in the district court. If a judgment is modified or reversed with a direction that a judgment for money be entered in the district court, the mandate shall contain instructions with respect to allowance of interest. [Emphasis supplied.]

Although Rule 37 provides the general rule for an award of interest on judgments, Rule 37 does recognize that exceptions to the general rule may be "otherwise provided by law." When such an exception is provided by law, the rule set forth by that exception must be applied.

One such exception is provided by 19 U.S.C. § 580 for suits on bonds to recover unpaid import duties.

**§ 580. Interest in suits on bonds for recovery of duties**

Upon all bonds, on which suits are brought for the recovery of duties, interest shall be allowed, at the rate of 6 per centum a year, from the time when said bonds became due.

Thus section 580 expressly requires that, when unpaid import duties upon a bond are awarded, interest be attached at the statutory rate "from the time when said bonds became due." As a matter of law, whenev-

er a court awards unpaid import duties in a suit upon a bond, interest must be attached pursuant to section 580.

The present action is a suit upon a bond by the United States for the recovery of unpaid import duties. Such is precisely the type of action contemplated by section 580. This court's prior mandate ordered "entry of judgment on liability in favor of the [G]overnment" on the United States' action to recover unpaid import duties. Accordingly, to comply with that mandate, the Court of International Trade must award to the United States interest at the statutory rate set forth in section 580 on the unpaid import duties from the time when the bonds became due.

Federal quotes the following language of Rule 37 as preventing an award of prejudgment interest in this case: "[i]f a judgment is modified or reversed with a direction that a judgment for money be entered in the distict court, the mandate shall contain instructions with respect to allowance of interest." On the basis of this language, Federal reasons that, because this court's prior mandate made no provision for prejudgment interest, the Court of International Trade, on remand, was precluded from awarding such interest. Federal cites the United States Supreme Court's decisions in *Briggs*[7] and in *The Santa Maria*[8] as compelling such a conclusion. We disagree.

As previously discussed, Rule 37 provides the general rule for the payment of interest on a judgment for money. However, Rule 37 must be followed only if no specific provisions are "otherwise provided by law." Here, because this proceeding is an action upon a bond by the United States to recover unpaid import duties, section 580 provides an exception to the general rule. Thus, the interest provision of section 580 applies in this case and the general rule set forth by Rule 37 does not preclude recovery under that section. The results reached by the Supreme Court in *Briggs* and *The Santa Maria* are clearly distinguishable from the present case. In those

**7.** *Briggs,* 334 U.S. 304, 68 S.Ct. 1039, 92 L.Ed. 1403.

**8.** *The Santa Maria,* 23 U.S. (10 Wheat.) 431, 6 L.Ed. 359 (1825).

cases, an award of prejudgment interest was not expressly required by statute, whereas, here, section 580 requires that, when unpaid import duties are awarded, interest must be attached at the statutory rate "from the time when said bonds became due."

Federal contends that the limiting phrase of Rule 37, "[u]nless otherwise provided by law," only modifies the first sentence of Rule 37, which sentence relates to a judgment for money in a civil case that is affirmed. Federal contends that the limiting phrase does not modify the second sentence of Rule 37 relating to when a judgment is modified or reversed. As support for this contention, Federal cites both the grammatical context of Rule 37 and the "Notes of Advisory Committee on Appellate Rules" accompanying Rule 37. We are not persuaded. The plain language of Rule 37 makes clear that the limiting phrase applies to Rule 37 as a whole and is not applicable only to the first sentence. The Advisory Committee Notes provide no support for Federal's contention.

Finally, Federal argues that the Government's appeal is in fact an untimely motion to this court seeking a recall and reformation of this court's prior mandate. Federal contends that the Government, under the guise of this appeal, simply is attempting to rectify this court's "failure to award interest" in the prior mandate. The Government, Federal asserts, has failed to avail itself of the proper mechanism for obtaining recall of the prior mandate, and therefore should be barred from asserting any further claim to prejudgment interest. This argument is meritless.

As previously discussed, Rule 37 does not preclude the attachment of statutory prejudgment interest, pursuant to section 580, in a suit on a bond for the recovery of import duties. Rather, as a matter of law, to comply with this court's prior mandate, the Court of International Trade must award interest to the United States, pursuant to section 580, at the statutory rate "from the time when said bonds became due." Our disposition of this issue does not require us to recall or to reform our prior mandate.

### Conclusion

In view of the foregoing, we affirm that portion of the Court of International Trade's Judgment in Conformity with Mandate awarding the United States unpaid import duties in the amount of $230,-344.12.[9] However, we hold that the lower court erred, as a matter of law, in calculating the award of interest to the United States on that amount. Accordingly, we vacate the judgment of the Court of International Trade denying, pursuant to Rule 37, prejudgment interest to the United States and granting, pursuant to 28 U.S.C. § 1961(c), postjudgment interest to the United States. We remand this proceeding to that court for further proceedings in accordance with this opinion.

### Costs

Costs on appeal are awarded to the United States.

**REVERSED; VACATED IN PART; and REMANDED**

---

9. The parties do not challenge this portion of    the lower court's judgment.