**Peter D. FISCHEL, et al., Plaintiffs— Appellants,**

**v.**

**EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, a New York corporation, Defendant— Appellee.**

No. 03–16049.

United States Court of Appeals, Ninth Circuit.

Submitted April 9, 2004.*

Decided April 14, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. See

Walter H. Fleischer, Esq., McLean, VA, Michael P. Malakoff, Ellen M. Doyle, Esq., Malakoff, Doyle & Finberg, Pittsburgh,

Fed. R.App. P. 34(a)(2).

PA, Dennis John Woodruff, Esq., Law Offices of Dennis John Woodruff, Oakland, CA, Herbert E. Adelman, Adelman & Adelman, Washington, DC, for Plaintiffs–Appellants.

Wilbur Boies, McDermott Will & Emery, Chicago, IL, Daniel E. Alberti, Esq., McDermott Will & Emery, Palo Alto, CA, for Defendant–Appellee.

Before: CANBY, GRABER, and PAEZ, Circuit Judges.

MEMORANDUM **

In a prior appeal, Plaintiffs challenged several of the district court's rulings in connection with its award of attorneys' fees to Plaintiffs' counsel. Although we affirmed the district court's decision to utilize the lodestar method of calculating a reasonable fee award, we reversed the district court's decisions not to apply a risk multiplier and not to compensate counsel for delay in payment. *Fischel v. Equitable Life Assurance Soc'y*, 307 F.3d 997, 1011 (9th Cir.2002). We remanded to the district court "to determine whether to apply a risk multiplier and to determine whether it provided adequate compensation for the delay in payment of attorney's fees." *Id.* On remand, the district court again declined to apply a risk multiplier or to adjust the award to compensate for delay in payment, concluding that the $300 blended hourly rate it had allowed reflected both a risk enhancement and compensation for delay in payment.

Plaintiffs appeal, primarily contending that the district court did not comply with our mandate. We reverse in part, affirm in part, and remand.[1]

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

## I.

### Risk Multiplier

In remanding, we directed the district court "to review the entire record in order to determine whether to apply a risk multiplier in light of (1) Plaintiffs' counsel's expectation that they would receive a risk enhancement, (2) the fact that their hourly rate did not reflect any risk, and (3) the risk of litigation at the time Plaintiffs' counsel decided to pursue the agents' claims." *Id.* at 1010. On remand, the district court determined that there was a substantial risk of nonpayment when Plaintiffs' counsel agreed to take the case in August 1996. The district court also determined that "a multiplier of two is appropriate to account for risk of nonpayment in the San Francisco legal market." The district court, however, determined that a risk multiplier was not warranted because the hourly rate that it adopted adequately accounted for any risk of nonpayment. In so ruling, the district court conducted a more searching analysis of the data on which it relied to adopt the $300 hourly rate and concluded "that a reasonable pre-multiplier blended hourly rate . . . would likely fall well below $300."

After considering additional data from the United States Department of Labor, Bureau of Labor Statistics, the district court determined that "the going rate in the San Francisco legal community for legal services across a broad range of practice areas" was under $150 per hour. Thus, the court concluded that "[a] $300 per hour rate . . . already contains an inherent multiplier of two." This finding, however, conflicts with our determination

1. Because the parties are familiar with the factual background of this case, we recount only those facts necessary to explain the reasons for our decision.

that the $300 blended rate "did not reflect any risk." *Id.*

The district court had "no power or authority to deviate from the mandate issued by an appellate court." *Briggs v. Pa. R. Co.,* 334 U.S. 304, 306, 68 S.Ct. 1039, 92 L.Ed. 1403 (1948); *see In re Vizcaino v. U.S. Dist. Ct. for West. Dist. of. Wash.,* 173 F.3d 713, 719 (9th Cir.1999). The district court here was confined to determining whether there was a substantial risk of nonpayment when counsel agreed to represent Plaintiffs, *Fischel,* 307 F.3d at 1010, and it could not reexamine other questions not put before it on remand, *see Vizcaino,* 173 F.3d at 719.

As we explained in our prior opinion, a district court generally has discretion to apply a multiplier to the attorneys' fees calculation to compensate for the risk of nonpayment. *Fischel,* 307 F.3d at 1008; *see Florida ex rel. Butterworth v. Exxon Corp. (In re Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust Litig.),* 109 F.3d 602, 609 (9th Cir.1997). "It is an abuse of discretion to fail to apply a risk multiplier, however, when (1) attorneys take a case with the expectation that they will receive a risk enhancement if they prevail, (2) their hourly rate does not reflect that risk, and (3) there is evidence that the case was risky." *Fischel,* 307 F.3d at 1008.

Having determined that all three criteria were met, the district court abused its discretion in not applying a multiplier to the attorney's fee award. *See Class Plaintiffs v. City of Seattle (In re Wash. Pub. Power Supply Sys. Sec. Litig.),* 19 F.3d 1291, 1301–02 (9th Cir.1994). Accordingly, we reverse the district court's order denying a risk multiplier. In light of the district court's finding that "a multiplier of two is appropriate to account for risk of nonpayment in the San Francisco legal market," we remand with directions to in-crease the fee award by applying a risk multiplier of two to the lodestar amount and to order prompt payment of the additional amount.

## II.

### *Delay in Payment*

Plaintiffs' counsel also challenge the district court's denial of compensation for delay in payment of the fee award. We conclude, however, that the record supports the district court's determination that the $300 contemporary rate adequately compensated counsel for delay in payment of the attorney fee award. Accordingly, we affirm the district court's conclusion that "[c]lass counsel has been compensated for any delay by the application of contemporary rates to hours worked by class counsel throughout litigation commenced in 1996." Costs are awarded to the Plaintiffs.

REVERSED IN PART, AFFIRMED IN PART, AND REMANDED.