**JUAN MARTINEZ, Appellant**
**v.**
**IVER A. STRIDIRON, ATTORNEY GENERAL GOVERNMENT OF THE VIRGIN ISLANDS, Appellee**

D.C. Civ. App. No. 2005/0049

District Court of the Virgin Islands

Division of St. Croix, Appellate Division

November 4, 2008

JUAN MARTINEZ, *Pro se*, St. Croix, USVI, *Attorney for Appellant.*

MAUREEN PHELAN, AAG, St. Thomas, USVI, *Attorney for Appellee*.

Before: GÓMEZ, *Chief Judge, District Court of the Virgin Islands*; FINCH, *Judge of the District Court of the Virgin Islands; and* KENDALL *Judge of the Superior Court of the Virgin Islands, sitting by Designation*.

## Memorandum Opinion

(November 4, 2008)

## I. ISSUE PRESENTED

PER CURIAM. In this appeal we are asked to decide, whether the trial court satisfied the requirements set forth in Virgin Islands Rule of Appellate Procedure 14(b).

## II. FACTUAL AND PROCEDURAL HISTORY

Juan Martinez ("Martinez" or "Petitioner") was convicted in the Superior Court of First Degree Murder and Unauthorized Possession of an Unlicensed Firearm, and was sentenced to life imprisonment without the possibility of parole. In 2003, Martinez filed an unopposed Petition for Writ of Habeas Corpus in the Superior Court, alleging that he was wrongly convicted of First Degree Murder. On May 26, 2003, the trial court denied the petition and on January 25, 2005, Martinez' Motion to Reconsider was also denied. Martinez filed a notice of appeal on February 16, 2005.

On April 26, 2005, this Court remanded this matter to the Superior Court to issue a certificate of probable cause, or state its reasons for declining to do so, pursuant to Virgin Islands Rule of Appellate Procedure ("VIRAP") 14(b). On remand, the Superior Court declined to issue a certificate of probable cause. The Superior Court decided that this Court exceeded its rulemaking authority in promulgating VIRAP 14(b), because the certificate of probable cause requirement of VIRAP 14(b) is an inappropriately promulgated substantive rule of law rather than a rule of procedure. The trial court's opinion specifically held that VIRAP 14(b) "is an attempt by the Appellate Division of the District Court to create additional rights for habeas petitioners." (12/22/2005 Superior Court Order p. 4.)

752

Based upon the reasons cited in that memorandum opinion, the trial court explicitly declined to issue a certificate of probable cause or adhere to the requirements of VIRAP 14(b). On June 13, 2006, Martinez filed his brief raising jurisdictional and substantive challenges to the Superior Court's denial of his petition for Writ of Habeas Corpus. However, he does not challenge the Superior Court's refusal to issue a certificate of probable cause. To date, a certificate of probable cause has not been issued by the Superior Court.

## III. STANDARD OF REVIEW

This Court may review the judgments and orders of the Superior Court in civil cases; Revised Organic Act of 1954 § 23A, 48 U.S.C. § 1613a;[1] Omnibus Justice Act of 2005, Act No. 6730 § 54(d)(1).[2] This Court exercises plenary review over questions of law. *Government v. Petersen*, 131 F. Supp. 2d 707, 709 (D.V.I. App. Div. 2001); *Peters v. Government of the Virgin Islands*, 2002 U.S. Dist. LEXIS 1287 (D.V.I. 2002).

## IV. DISCUSSION

■■ This appeal presents unfortunate procedural and unusual factual circumstances. That is, having remanded this matter with specific instructions to the trial court, the trial court has elected to ignore the mandate of this Court because a trial judge disagrees with a rule of this Court. While disagreement with a decision of this Court may be expected, a deliberate refusal of a trial court to follow a mandate is never appropriate. *See, e.g., Briggs v. Pennsylvania R. Co.*, 334 U.S. 304, 306, 68 S. Ct. 1039, 92 L. Ed. 1403 (U.S. 1948) (the Supreme Court has consistently held that an inferior court has no power or authority to deviate from the mandate issued by an appellate court); *see also Kilbarr Corp. v. Business Sys.*, 990 F.2d 83, 87 (3d Cir. 1993)(holding that on remand, the trial court must proceed in accordance with the mandate and the law of the case as established on appeal).

Accordingly, we shall remand this matter to the trial court with the specific instruction that the Presiding Judge of the Superior Court shall

---

[1] The complete Revised Organic Act of 1954 is found at 48 U.S.C. §§ 1541-1645 (1995 & Supp. 2003), *reprinted in* V.I. CODE ANN. 73-177, Historical Documents, Organic Acts, and U.S. Constitution (1995 & Supp.2003) (preceding V.I. CODE ANN. tit. 1).

[2] Appellant filed his notice of appeal on February 16, 2005.

assign Appellant's request for a certificate of probable cause to a Superior Court Judge, or consider this matter himself.