# United States Court of Appeals for the Federal Circuit

---

**IN RE NOKIA INC. AND NOKIA CORPORATION,**
*Petitioners.*

---

2014-133

---

On Petition for Writ of Mandamus to the United States International Trade Commission in No. 337-TA-613.

---

**ON PETITION**

---

PATRICK J. FLINN, Alston & Bird LLP, of Atlanta, Georgia, for petitioners. With him on the petition were JOHN D. HAYNES; and ROSS R. BARTON, of Charlotte, North Carolina.

---

Before NEWMAN, MAYER, and BRYSON, *Circuit Judges.*

Dissenting opinion filed by *Circuit Judge* NEWMAN.

PER CURIAM.

## O R D E R

This 19 U.S.C. § 1337 case comes before us for a second time. On the first appeal, we reversed an order of the International Trade Commission finding infringement and remanded the matter for additional proceedings.

*InterDigital Commcn's, LLC v. Int'l Trade Comm'n*, 690 F.3d 1318, 1330 (Fed. Cir. 2012). On remand, the Commission determined that petitioners had waived any argument that the scrambling codes in their accused systems are not transmitted as required by the patent claims in the underlying investigation. Asserting that the decision on remand unlawfully deviates from our mandate, petitioners seek a writ of mandamus to compel the Commission to address their non-infringement argument.

Although mandamus is an available remedy to enforce compliance with a prior mandate, *see Will v. United States*, 389 U.S. 90, 95-96 (1967), nothing in our prior decision compelled the Commission to address the petitioners' non-infringement contention. The language cited by petitioners in the original opinion simply explained that, as to an issue they sought to raise as an alternative ground for affirmance, that issue could not be addressed by this court, as it was not the rationale of the agency's decision on appeal. We explained that petitioners were free to raise the issue, if they chose to do so, on remand. But that did not suggest, and did not mandate, that the Commission could not consider whether the issue had been preserved for review. To the extent that petitioners seek to challenge the merits of the Commission's waiver determination, those arguments can be raised on appeal after judgment.

Accordingly,

IT IS ORDERED THAT:

The petition for a writ of mandamus is denied.


FOR THE COURT

/s/ Daniel E. O'Toole
Daniel E. O'Toole
Clerk of Court

# United States Court of Appeals
# for the Federal Circuit

---

**IN RE NOKIA INC. AND NOKIA CORPORATION,**
*Petitioners.*

---

2014-133

---

On Petition for Writ of Mandamus to the United States International Trade Commission in No. 337-TA-613.

---

NEWMAN, *Circuit Judge*, dissenting.

On the initial appeal of the decision of the International Trade Commission, this panel referred to Nokia's argument that "there can be no infringement in this case because the scrambling codes in the Nokia system are not transmitted," and ruled: "That issue, if Nokia wishes to raise it again before the Commission, may be raised on remand." *InterDigital Commc'ns, LLC v. Int'l Trade Comm'n*, 690 F.3d 1318, 1329 (Fed. Cir. 2012). That remand instruction is clear, and the Commission is required to follow it, as its own Investigative Staff acknowledged. Office of Unfair Import Investigations Resp. in Supp. of Resp't's Pet. for Recons. at 3–4 ("In [our] view, the Commission is bound by the Federal Circuit's express instruction . . . ."). The Commission is required to follow this court's mandate. My colleagues on this panel err in holding otherwise.

The Commission refused to permit Nokia to argue that the scrambling codes in the Nokia system are not

transmitted, defying this court's order.  My colleagues on this panel ratify that action, erasing the plain words that the issue "may be raised on remand."  In *In re Sanford Fork & Tool Co.*, 160 U.S. 247, 255 (1895), and again in *Briggs v. Pa. R. Co.*, 334 U.S. 304, 306 (1948), the Court explained that "an inferior court has no power or authority to deviate from the mandate issued by an appellate court."  *See also, e.g.*, *City of Cleveland v. Fed. Power Comm'n*, 561 F.2d 344, 346 (D.C. Cir. 1977) ("The decision of a federal appellate court establishes the law binding further action in the litigation by another body subject to its authority."); *Burrell v. United States*, 467 F.3d 160, 165 (2d Cir. 2006) ("[W]here issues have been explicitly or implicitly decided on appeal, the district court is obligated on remand to follow the decision of the appellate court.") (internal quotation marks omitted).

An adjudicatory body subject to the appellate court's authority is without power to negate or ignore the mandate of the appellate court.  *Cleveland*, 561 F.2d at 347; *Bankers Trust Co. v. Bethlehem Steel Corp.*, 761 F.2d 943, 949 (3d Cir. 1985) ("A trial court must implement both the letter and spirit of the mandate, taking into account the appellate court's opinion and the circumstances it embraces."); *Piambino v. Bailey*, 757 F.2d 1112 (11th Cir. 1985); *Colville Confederated Tribes v. Walton*, 752 F.2d 397, 400 (9th Cir. 1985); *Cherokee Nation v. Oklahoma,* 461 F.2d 674, 678 (10th Cir. 1972).  Yet the Commission's violation of this rule is now ratified by my colleagues.

I understood our mandate as did Nokia and the Commission's Investigative Staff, that we authorized Nokia to raise its scrambling-code argument on remand to the Commission.  We stated: "That issue, if Nokia wishes to raise it again before the Commission, may be raised on remand."  *Nokia*, 690 F.3d at 1329.  It could not be clearer that Nokia may raise the issue on remand if it wishes. The issue of scrambling codes is fundamental to the issue of infringement as was decided on appeal, *see United*

*States v. Iriarte*, 166 F.2d 800, 803 (1st Cir. 1948), and its relevance was explored in this court's opinion. *See Sanford Fork*, 160 U.S. at 256 ("It has long been recognized that the court's opinion may be consulted to ascertain the intent of the mandate.").

In the present case, the Commission on remand solicited comments from the parties as to further proceedings. The parties debated the remand reference to scrambling codes, and the Commission then discarded this court's instruction that the scrambling code issue may be raised on remand, and announced that the issue was "waived." It was not waived. Nokia had raised the scrambling code issue several times; starting with Nokia's Pre-Hearing Brief, then in its Post-Hearing Brief, its proposed Findings of Fact, its Contingent Petition for Review, and again in its brief before this court. Although the Commission did not base its decision on this issue, this issue was not waived by Nokia.

My colleagues now state that their words "may be raised" by Nokia did not mean that the Commission must permit the issue to be raised by Nokia. If my colleagues did not intend these words to be understood as permitting Nokia to raise the issue, they should have been clear. Indeed, I understood this court's words in the same way as did Nokia and the Commission's staff attorneys, and I joined in the mandate with the understanding that this potentially controlling issue could be pursued before the Commission. It is our responsibility to assure that our mandate is applied. *See In re MidAmerican Energy Co.*, 286 F.3d 483, 486 (8th Cir. 2002) ("Ultimately, [w]e have not only the power, but also a duty to enforce our prior mandate to prevent evasion.") (internal quotation marks omitted).

Nokia duly raised its scrambling-code argument on remand, as we authorized. From my colleagues' ruling

that the Commission properly refused to permit Nokia to raise the issue we authorized, I respectfully dissent.