NEWMAN, Circuit Judge,
dissenting.
On the initial appeal of the decision of the International Trade Commission, this panel referred to Nokia’s argument that “there can be no infringement in this case because the scrambling codes in the Nokia system are not transmitted,” and ruled: “That issue, if Nokia wishes to raise it again before the Commission, may be raised on remand.” InterDigital Commc’ns, LLC v. Int’l Trade Comm’n, *1349 690 F.3d 1318, 1329 (Fed.Cir.2012). That remand instruction is clear, and the Commission is required to follow it, as its own Investigative Staff acknowledged. Office of Unfair Import Investigations Resp. in Supp. of Resp’t’s Pet. for Recons, at 3-4 (“In [our] view, the Commission is bound by the Federal Circuit’s express instruction .... ”). The Commission is required to follow this court’s mandate. My colleagues on this panel err in holding otherwise.
The Commission refused to permit Nokia to argue that the scrambling codes in the Nokia system are not transmitted, defying this court’s order. My colleagues on this panel ratify that action, erasing the plain words that the issue “may be raised on remand.” In In re Sanford Fork & Tool Co., 160 U.S. 247, 266, 16 S.Ct. 291, 40 L.Ed. 414 (1895), and again in Briggs v. Pa. R. Co., 334 U.S. 304, 306, 68 S.Ct. 1039, 92 L.Ed. 1403 (1948), the Court explained that “an inferior court has no power or authority to deviate from the mandate issued by an appellate court.” See also, e.g., City of Cleveland v. Fed. Power Comm’n, 561 F.2d 344, 346 (D.C.Cir.1977) (“The decision of a federal appellate court establishes the law binding further action in the litigation by another body subject to its authority.”); Burrell v. United States, 467 F.3d 160, 165 (2d Cir.2006) (“[W]here issues have been explicitly or implicitly decided on appeal, the district court is obligated on remand to follow the decision of the appellate court.”) (internal quotation marks omitted).
An adjudicatory body subject to the appellate court’s authority is without power to negate or ignore the mandate of the appellate court. Cleveland, 561 F.2d at 347; Bankers Trust Co. v. Bethlehem Steel Corp., 761 F.2d 943, 949 (3d Cir.1985) (“A trial court must implement both the letter and spirit of the mandate, taking into account the appellate court’s opinion and the circumstances it embraces.”); Piambino v. Bailey, 757 F.2d 1112 (11th Cir.1985); Colville Confederated Tribes v. Walton, 752 F.2d 397, 400 (9th Cir.1985); Cherokee Nation v. Oklahoma, 461 F.2d 674, 678 (10th Cir.1972). Yet the Commission’s violation of this rule is now ratified by my colleagues.
I understood our mandate as did Nokia and the Commission’s Investigative Staff, that we authorized Nokia to raise its scrambling-code argument on remand to the Commission. We stated: “That issue, if Nokia wishes to raise it again before the Commission, may be raised on remand.” Nokia, 690 F.3d at 1329. It could not be clearer that Nokia may raise the issue on remand if it wishes. The issue of scrambling codes is fundamental to the issue of infringement as was decided on appeal, see United States v. Iriarte, 166 F.2d 800, 803 (1st Cir.1948), and its relevance was explored in this court’s opinion. See Sanford Fork, 160 U.S. at 256, 16 S.Ct. 291 (“It has long been recognized that the court’s opinion may be consulted to ascertain the intent of the mandate.”).
In the present case, the Commission on remand solicited comments from the parties as to further proceedings. The parties debated the remand reference to scrambling codes, and the Commission then discarded this court’s instruction that the scrambling code issue may be raised on remand, and announced that the issue was “waived.” It was not waived. Nokia had raised the scrambling code issue several times; starting with Nokia’s Pre-Hearing Brief, then in its Post-Hearing Brief, its proposed Findings of Fact, its Contingent Petition for Review, and again *1350 in its brief before this court. Although the Commission did not base its decision on this issue, this issue was not waived by Nokia.
My colleagues now state that their words “may be raised” by Nokia did not mean that the Commission must permit the issue to be raised by Nokia. If my colleagues did not intend these words to be understood as permitting Nokia to raise the issue, they should have been clear. Indeed, I understood this court’s words in the same way as did Nokia and the Commission’s staff attorneys, and I joined in the mandate with the understanding that this potentially controlling issue could be pursued before the Commission. It is our responsibility to assure that our mandate is applied. See In re MidAmerican Energy Co., 286 F.3d 483, 486 (8th Cir.2002) (“Ultimately, [w]e have not only the power, but also a duty to enforce our prior mandate to prevent evasion.”) (internal quotation marks omitted).
Nokia duly raised its scrambling-code argument on remand, as we authorized. From my colleagues’ ruling that the Commission properly refused to permit Nokia to raise the issue we authorized, I respectfully dissent.