[Cite as *Banker's Choice, L.L.C. v. Cincinnati Zoning Bd. of Appeals*, 2019-Ohio-4854.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| BANKER'S CHOICE, LLC, | : | APPEAL NO. C-180578 |
| | | TRIAL NO. A-1501964 |
| and | : | |
| STOUGH DEVELOPMENT CORPORATION, | : | *O P I N I O N.* |
| | : | |
| Plaintiffs-Appellees, | : | |
| vs. | : | |
| ZONING BOARD OF APPEALS OF THE CITY OF CINCINNATI, | : | |
| and | : | |
| CITY OF CINCINNATI, | : | |
| Defendants-Appellants. | : | |

Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  November 27, 2019

*Barrett & Weber* and *C. Francis Barrett*, for Plaintiffs-Appellees,

*Paula Boggs Muething,* City Solicitor, *Marion E. Haynes, III,* Assistant City Solicitor, and *Kevin M. Tidd,* Senior Assistant City Solicitor, for Defendants-Appellants.

**ZAYAS, Presiding Judge.**

{¶1} This is the second appeal by defendants-appellants Zoning Board of Appeals for the city of Cincinnati and the city of Cincinnati (collectively, "the ZBA"). The ZBA now argues that the trial court did not follow this court's remand instructions set forth in *Banker's Choice, LLC v. Zoning Bd. of Appeals of City of Cincinnati*, 2018-Ohio-3030, 106 N.E.3d 1271 (1st Dist.) ("*Banker's Choice I*"). For the following reasons, we agree.

### Facts and Procedural History

{¶2} Plaintiffs-appellees Banker's Choice, LLC, and Stough Development Corporation (collectively, "Banker's Choice") are Cincinnati property developers that own a deteriorated property known as the Davis Furniture Building located at 1119-1123 Main Street. As discussed in *Banker's Choice I*, Banker's Choice purchased the Davis Furniture Building at a sheriff's sale for $125,000 "to alleviate the 'eyesore' * * * the building had become and to protect the economic well-being of their property across the street." *Banker's Choice I* at ¶ 2.

{¶3} After the purchase, Banker's Choice sought to demolish the building. Under the Cincinnati zoning code, Banker's Choice was required to seek a certificate of appropriateness for demolition from the Historic Conservation Board. *See* Cincinnati Municipal Code 1435-01-C and 1435-09-01. After holding three hearings and reviewing extensive records submitted as part of their application, the Historic Conservation Board denied Banker's Choice's request for a certificate.

{¶4} Banker's Choice appealed to the Zoning Board of Appeals for the city of Cincinnati ("Zoning Board"), which affirmed the Historic Conservation Board's determination. "The Zoning Board concluded that the preponderance of the

substantial, reliable, and probative evidence confirmed that Banker's Choice had failed to demonstrate that it would be deprived of 'all economically viable use[s] of the property * * * without approval' of the certificate of appropriateness for demolition." *Banker's Choice I* at ¶ 5. Banker's Choice then appealed to the Hamilton County Common Pleas Court, where the case was referred to a magistrate. The parties presented additional evidence before the magistrate, who subsequently vacated the decision of the Zoning Board and approved Banker's Choice's certificate of appropriateness for demolition.

{¶5} The magistrate held that the Historic Conservation Board violated Banker's Choice's due-process rights, "that the Davis Furniture Building was not a 'historical asset' or a 'historic structure' as those terms are defined in the municipal code, and that three offers to purchase the building [from Banker's Choice] were 'illusory' and 'not bona fide offers.' " *Banker's Choice I* at ¶ 6. The magistrate also held the permissive standard by which the Historic Conservation Board may issue a certificate of appropriateness for demolition "unconstitutional and contrary to Ohio law." *Id.* The magistrate found that Banker's Choice had proven that it was not economically viable to rehabilitate the Davis Furniture Building and ordered the Historic Conservation Board to issue a certificate of appropriateness for its demolition.

{¶6} The ZBA timely objected to the magistrate's decision, and the trial court held oral argument on those objections. Disagreeing with the magistrate's findings, the trial court concluded that Banker's Choice was not prejudiced by the administrative proceedings before the Historic Conservation Board, "that the Davis Furniture Building was 'part of a group of buildings that may be deemed to be of an historically significant area and era,' and that 'at least one and perhaps all three'

3

offers to purchase the property were made 'in good faith.' " *Banker's Choice I* at ¶ 7. The trial court did "not question nor decide the constitutionality of the [city] ordinances that find the [Davis Furniture] Building to be historic assets." Additionally, "the trial court treated the 'fact that no one purchased the building' as 'substantial evidence that any real or perceived economic hardship * * * was not relieved' by the purchase offers." *Id.* The trial court also denied the ZBA's request for an injunction under R.C. 713.13. Ultimately, the trial court overruled the ZBA's objections, agreed in part with the magistrate's conclusions, and ordered the issuance of a certificate of appropriateness for the demolition.

{¶7} The ZBA then appealed to this court, arguing that the trial court erred in vacating the decision of the Zoning Board and ordering the issuance of a certificate of appropriateness for demolition. The ZBA argued, in part, that the trial court failed to apply the requisite three-factor "economic hardship" test under Cincinnati Municipal Code 1435-09-2(b) before ordering the approval of the certificate.

{¶8} Pursuant to Cincinnati Municipal Code 1435-09-2, the Zoning Board may approve or approve with conditions an application for a Certificate of Appropriateness when it finds either:

> (a) That the property owner has demonstrated by credible evidence that the proposal substantially conforms to the applicable conservation guidelines; or
>
> (b) That the property owner has demonstrated by credible evidence that the property owner will suffer economic hardship if the certificate of appropriateness is not approved.

4

Cincinnati Municipal Code 1435-09-2. In determining whether the property owner has demonstrated an economic hardship, the Historic Conservation Board must consider all of the following three factors:

 (i) Will all economically viable use of the property be deprived without approval of a Certificate of Appropriateness;

(ii) Will the reasonable investment-backed expectations of the property owner be maintained without approval of a Certificate of Appropriateness; and

(iii) Whether the economic hardship was created or exacerbated by the property owner.

*Id.*

{¶9} Upon reviewing the trial court's decision, this court agreed in part with the ZBA. This court held that the trial court did not evaluate all three factors of the three-factor economic hardship test prior to ordering the issuance of a certificate of appropriateness for demolition. We found that the trial court improperly focused on Banker's Choice's inability to sell the Davis Furniture Building, rather than "continue on and to determine whether Banker's Choice had been denied all economically viable use of the Davis Furniture Building, whether it could have maintained its reasonable investment-backed expectations, and whether it had created or exacerbated its own economic hardship." *Banker's Choice I* at ¶ 15.

{¶10} This court determined that part of the problem stemmed from the trial court's rejection of factual findings that underpinned the magistrate's decision. *Id.* at ¶ 17. For instance, the trial court rejected the magistrate's finding that none of the three offers to purchase the Davis Furniture Building from Banker's Choice were bona fide offers. But the magistrate's determination on these offers-to-purchase

directly affected its analysis of the first "economic hardship" factor—whether Banker's Choice would be deprived of all economically viable use of the property. (It found that because none of the offers were legitimate, the Davis Furniture Building essentially could not be sold for sufficient compensation, and thus Banker's Choice would be deprived of economically viable use of the property.) So, while the trial court later adopted the magistrate's decision, its conflicting findings made it impossible for this court to "read together" the magistrate's decision and the trial court's judgment to determine whether the trial court correctly applied the law. *Id.*

{¶11} On remand, the trial court was instructed to apply "the proper standard consistent with law and this opinion." *Id.* at ¶ 20. The trial court instead undertook to rerule on the ZBA's objections to the magistrate's decision. In a brief subsequent entry, the trial court overruled all of the objections to the magistrate's decision and simply adopted the magistrate's decision in its entirety—including all of the factual and legal findings, some of which were previously rejected.

{¶12} The ZBA now appeals, asserting four assignments of error.

## Legal Analysis

{¶13} In its first assignment of error, the ZBA argues that the trial court violated the law-of-the-case doctrine when it adopted the magistrate's decision in its entirety. The ZBA contends that the adopted decision contains irreconcilable legal findings that ultimately contradict the remand instructions from this court in *Banker's Choice I.* Banker's Choice maintains that the trial court did follow the mandate of this court on remand. Based upon the record before us, we agree with the ZBA.

{¶14} The "law of the case" doctrine "provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved

6

for all subsequent proceedings in the case at both the trial and reviewing levels." (Internal citations omitted.) *Nolan v. Nolan*, 11 Ohio St.3d 1, 3, 462 N.E.2d 410 (1984). This doctrine is a rule of practice that "functions to compel trial courts to follow the mandates of reviewing courts." *Id.* Therefore, on remand, when the trial court is presented with the same facts and issues involved in a prior appeal, it "is bound to adhere to the appellate court's determination of the applicable law." *Id.* "[T]he trial court is without authority to extend or vary the mandate given." *Id.*, citing *Briggs v. Pennsylvania RR. Co.*, 334 U.S. 304, 68 S.Ct. 1039, 92 L.Ed. 1403 (1948).

{¶15} Here, the only basis for remand was the issue of whether Banker's Choice demonstrated by credible evidence that it will suffer economic hardship—under the three-factor "economic hardship" test—if the certificate of appropriateness for demolition of the Davis Furniture Building is not approved. No other legal issues were remanded for the trial court to decide. That portion of the trial court's judgment denying the ZBA's request for an injunction was affirmed. However, rather than heed this instruction to address a limited issue on remand, the trial court chose to adopt the magistrate's decision in its entirety. Effectively, the trial court vacated its previous judgment, including all of the factual and legal findings that differed from the magistrate's decision which had been upheld in *Banker's Choice I.* The trial court's judgment now holds, inter alia, that the ZBA violated Banker's Choice's due-process rights and that part of the Cincinnati zoning code is unconstitutional.

{¶16} "[A]bsent extraordinary circumstances, such as an intervening decision by [the Ohio Supreme Court], an inferior court has no discretion to disregard the mandate of a superior court in a prior appeal in the same case." *Nolan*,

7

11 Ohio St.3d at 5, 462 N.E.2d 410. There were no extraordinary circumstances present in this case. Consequently, the trial court did not have discretion to decline to perform the "economic hardship" analysis. Furthermore, it did not have the discretion to extend the mandate given by this court in adopting legal holdings from the magistrate's decision that it had previously rejected.

{¶17} "Upon remand from an appellate court, the lower court is required to proceed from the point at which the error occurred." (Internal quotations omitted.) *State ex rel. Douglas v. Burlew*, 106 Ohio St.3d 180, 2005-Ohio-4382, 833 N.E.2d 293, ¶ 11. Accordingly, the trial court should have started its analysis at the application of the three-factor "economic hardship" test to the facts of this case. It should not have proceeded to rerule on objections to the magistrate's decision. The trial court was not instructed to "start over" on remand. The remand simply required the trial court to examine and apply the three-factor test.

{¶18} The trial court failed to follow the mandate of this court on remand, and in doing so violated the law-of-the-case doctrine. This was error.

{¶19} The ZBA's first assignment of error is sustained. Because the first assignment of error is dispositive of this appeal, we decline to address the second, third, and fourth assignments of error.

## Conclusion

{¶20} The trial court's judgment is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion. On remand, the trial court must apply the three-factor "economic hardship" test under Cincinnati Municipal Code 1435-09-2(b) to its factual findings and decide whether Banker's Choice demonstrated by credible evidence that it will suffer economic hardship if the

8

certificate of appropriateness for demolition of the Davis Furniture Building is not approved.

Judgment accordingly.

**MYERS** and **CROUSE, JJ.**, concur.

Please note:

> The court has recorded its own entry on the date of the release of this opinion.