# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

Argued December 7, 2007        Decided February 5, 2008

No. 06-5294

ROLE MODELS AMERICA, INC.,
APPELLANT

v.

PETE GEREN,
SECRETARY OF THE ARMY AND
MARGARET SPELLINGS, SECRETARY OF EDUCATION,
APPELLEES

Appeal from the United States District Court
for the District of Columbia
(No. 01cv01595)

*Gary M. Hnath* argued the cause and filed the briefs for appellant.

*Brian C. Baldrate*, Special Assistant U.S. Attorney, argued the cause for appellees. With him on the brief were *Jeffrey A. Taylor*, U.S. Attorney, and *R. Craig Lawrence*, Assistant U.S. Attorney. *Kevin K. Robitaille*, Assistant U.S. Attorney, entered an appearance.

Before: RANDOLPH, GRIFFITH and KAVANAUGH, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* RANDOLPH.

RANDOLPH, *Circuit Judge*: Role Models America, Inc. brought suit under the Defense Base Closure and Realignment Act of 1990, 104 Stat. 1808 (codified as amended at 10 U.S.C. § 2687 note),[1] the National Historic Preservation Act, 16 U.S.C. § 470 *et seq.*, and the Administrative Procedure Act, 5 U.S.C. § 702 *et seq.*, to enjoin the Secretary of the Army from conveying Fort Ritchie, a former military base, to PenMar Development Corporation of Maryland. The district court dismissed Role Models' claims for lack of standing. We affirm, but on different grounds with respect to the Base Closure Act.

I.

The Base Closure Act outlines a procedure for closing and realigning military bases within the United States. Base Closure Act § 2901(b). Unless the Secretary of Defense determines that another federal agency or department can use the military installation chosen for closure, the Secretary must publish notice that the surplus property exists. Base Closure Act § 2905(b)(5)(A), (b)(7)(B)(i)(IV). Within thirty days of the notice's publication, the local redevelopment authority, an entity established by state or local government and recognized by the Secretary of Defense, must publish a notice stating the period within which it will entertain statements of interest from "representatives of the homeless and other interested parties." 24 C.F.R. § 586.20(c)(1); 32 C.F.R. § 176.20(c)(1). After the notice is published, the homeless provider and "other interested party" applications are reviewed separately. Base Closure Act

---

[1] All following citations to the Base Closure Act are to the Act as it appears in note following 10 U.S.C. § 2687.

§ 2905(b)(7)(K)(v), (b)(7)(F). The Secretary of Defense determines if any "other interested parties" are eligible for a public benefit conveyance, Base Closure Act § 2905(b)(7)(K)(v), while the redevelopment authority reviews the homeless provider submissions. Base Closure Act § 2905(b)(7)(F). The redevelopment authority may then submit its own redevelopment plan to the Secretary of Housing and Urban Development for approval. Base Closure Act § 2905(b)(7)(F).

Fort Ritchie is a former United States Army base located in western Maryland and is home to the Camp Ritchie Historic District, a National Register-eligible historic district. The fort was selected for closure in 1995. *See* Notice of Recommended Base Closures and Realignments, 60 Fed. Reg. 11,414, 11,436 (Mar. 1, 1995) (Secretary of Defense recommending closure of the base); President's Message to Congress Transmitting Recommendations of the Defense Base Closure and Realignment Commission, H.R. Doc. No. 104-96, at 1 (1995) (President accepting recommendation). In response, the Maryland General Assembly created PenMar to serve as the redevelopment authority responsible for developing the Fort Ritchie property.

Role Models is a non-profit Maryland corporation seeking to use the Fort Ritchie property as an educational institution for out-of-school youth. Role Models first brought suit against the Secretary of the Army and the Secretary of Education to enjoin the conveyance of Fort Ritchie from the Army to PenMar in July 2001. *Role Models Am., Inc. v. White*, 193 F. Supp. 2d 76, 77 (D.D.C. 2002) ("*Role Models I*"). Role Models failed to acquire the Fort Ritchie property through the application process, and alleged that the defendants violated Base Closure Act notification and screening procedures and the APA. *Id.* at 79.

The district court denied Role Models' motions for a temporary restraining order and a preliminary injunction. *Id.* at 77.

On appeal, this court held that the defendants had not given proper notice with respect to the Fort Ritchie property. *Role Models Am., Inc. v. White*, 317 F.3d 327, 333 (D.C. Cir. 2003) ("*Role Models II*"). The court stated that it "cannot imagine how Role Models, an organization devoted to establishing schools for at-risk minors, could possibly have interpreted a notice entitled 'Homeless Assistance Outreach Initiative' as an invitation to apply for the Fort Ritchie property," and concluded that the notice was insufficient notification for "other interested parties" as the law requires. *Id.* at 332. The court remanded the case, directing the district court to issue a permanent injunction against the conveyance until the defendants remedied the procedural error. *Id.* at 333-34. To comply with this order, the defendants published a notice in October 2003 for "other interested parties" to consider applying for the Fort Ritchie property. Role Models then applied for a no-cost public benefit conveyance. The Department of Education denied the application.

In October 2004, the defendants claimed that they had remedied the procedural error and moved to dismiss the complaint. The district court denied their motion because the Department of Housing and Urban Development approved PenMar's redevelopment plan before the remedial screening was complete. In order to remedy that procedural error, PenMar then sent HUD a revised proposal and HUD accepted it.

In November 2005, defendants again moved to dismiss. Before the district court ruled on the motion to dismiss, Role Models amended its complaint to claim, *inter alia*, that it is a homeless provider and that the defendants violated the Base Closure Act by failing simultaneously to screen for homeless

providers when issuing the remedial notices for "other interested parties" in 2003. In addition, Role Models included the allegation that the defendants' conveyance of Fort Ritchie violated the Preservation Act because it failed to take into account the impact of the transfer on historic properties. In 2006, the district court granted the defendants' motion to dismiss, holding that Role Models' claims were barred by this court's rulings and that Role Models lacked standing to bring its APA, Base Closure Act, and Preservation Act claims.

## II.

Role Models claims that the defendants violated the Base Closure Act by failing to re-screen for homeless providers when, on remand, they screened for "other interested parties." The district court held that Role Models lacked standing to bring this claim because it was not a homeless provider.

Whether Role Models is a homeless provider under the Base Closure Act, *see* 24 C.F.R. § 586.5, seems to us beside the point. In our earlier opinion, we noted that Role Models filed suit "[c]laiming that it was entitled to a public benefit conveyance screening regarding the Fort Ritchie property" because the defendants did not screen for "other interested parties." *Role Models II*, 317 F.3d at 331. We explained, "[i]f the Secretary of Defense determines that an 'other interested' applicant meets the eligibility standards . . . the Secretary effects a 'public benefit conveyance' of the requested property to that party," *id.* at 329, and concluded that the failure to publish notice for other interested parties "prevented Role Models from triggering a public benefit conveyance screening." *Id.* at 333. Our opinion made clear that we were remanding only for the re-screening of other interested parties.

The district court had no "power or authority to deviate from the mandate" this court issued in *Role Models II*. *Briggs v. Pa. R.R. Co.*, 334 U.S. 304, 306 (1948). The mandate rule is a "'more powerful version' of the law-of-the-case doctrine, which prevents courts from reconsidering issues that have already been decided in the same case." *Indep. Petroleum Ass'n of Am. v. Babbitt*, 235 F.3d 588, 597 (D.C. Cir. 2001). In light of our earlier decision, Role Models cannot receive a re-screening for homeless providers because the district court had no authority to issue such a remedy.

### III.

Role Models claims the defendants violated the Historic Preservation Act by failing to consider the effects of the property transfer on the Fort Ritchie historic district. 16 U.S.C. § 470f. The district court held that Role Models is not within the zone of interests protected by the Preservation Act and therefore lacked prudential standing to bring this claim. *See Allen v. Wright*, 468 U.S. 737, 751 (1984). This strikes us as correct.

The Preservation Act was enacted to "encourage the public and private preservation and utilization of all usable elements of the Nation's historic built environment." 16 U.S.C. § 470-1(5). Role Models does not allege that the purpose of its organization is related to preserving historic sites like Fort Ritchie. Role Models seeks to acquire Fort Ritchie to use it as an educational facility for at-risk youth. The Preservation Act does not protect Role Models' right to acquire property for its own use when the use is unrelated to the Preservation Act's purpose. *Ass'n of Data Processing Serv. Org. v. Camp*, 397 U.S. 150, 153 (1970); *Rosebud Sioux Tribe v. McDivitt*, 286 F.3d 1031, 1039 (8th Cir. 2002) ; *Presidio Golf Club v. Nat'l Park Serv.*, 155 F.3d 1153,

1157-58 (9th Cir. 1998). It follows that Role Models lacked prudential standing to pursue this claim.[2]

*Affirmed.*

---

[2] The plaintiff's brief contains several additional arguments that do not merit discussion. We have considered these arguments and have rejected them.