# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

Argued April 18, 2023        Decided July 14, 2023

No. 22-7126

ALAN PHILIPP, ET AL.,
APPELLANTS

V.

STIFTUNG PREUSSISCHER KULTURBESITZ,
APPELLEE

Appeal from the United States District Court
for the District of Columbia
(No. 1:15-cv-00266)

*Nicholas M. O'Donnell* argued the cause and filed the briefs for appellants.

*Jonathan M. Freiman* argued the cause for appellee. With him on the brief were *David L. Hall* and *David R. Roth*.

Before: PILLARD and CHILDS, *Circuit Judges*, and RANDOLPH, *Senior Circuit Judge*.

Opinion for the court filed PER CURIAM.

PER CURIAM: In 1935, in Nazi Germany, a consortium of three German art firms, each having Jewish owners, sold dozens

of medieval relics and devotional objects to Prussia. In 2015, two citizens of the United States and one citizen of the United Kingdom brought an action in the federal district court seeking either return of the artifacts or monetary compensation. The plaintiffs trace their lineages to three of the owners of the art firms. They claim that members of the Nazi government coerced the consortium members into selling the collection for far less than its true market value. Their initial complaint named as defendants the Federal Republic of Germany and its agency – SPK, for short – that now administers the museum where the artifacts are on display.[1]

This appeal is the latest chapter dealing with SPK's immunity defense under the Foreign Sovereign Immunities Act. The case has generated five lengthy judicial opinions, first by the district court rejecting the defendant's claim of immunity as to a subset of the plaintiffs' claims; then by our court on appeal, largely agreeing with the district court; then by the Supreme Court vacating and remanding; and now two more opinions of the district court on remand, both of which are the subject of this appeal. The citations to the opinions are, in sequence: *Philipp v. Federal Republic of Germany (Philipp I)*, 248 F. Supp. 3d 59 (D.D.C. 2017); *Philipp v. Federal Republic of Germany (Philipp II)*, 894 F.3d 406 (D.C. Cir. 2018); *Federal Republic of Germany v. Philipp (Philipp III)*, 141 S. Ct. 703 (2021); *Philipp v. Stiftung Preussischer Kulturbesitz (Philipp IV)*, No. 15-00266, 2021 WL 3144958 (D.D.C. July 26, 2021); and *Philipp v. Stiftung Preussischer Kultirbesitz (Philipp V)*, 628 F. Supp. 3d 10 (D.D.C. 2022). We shall assume familiarity with these opinions.

In the initial round in the district court and on the appeal to

---

[1] Plaintiffs later filed an amended complaint dropping Germany from the suit.

our court, plaintiffs consistently maintained that the art firms were all "in Frankfurt," *e.g.* Brief for Appellees at 6, *Philipp II*, 894 F.3d 406 (D.C. Cir. 2018) (No. 17-7064), and never denied that the three art firms were German companies owned by Jewish German nationals in 1935 when the art firms sold the artifacts to Prussia. The Supreme Court, in giving the background to the case, stated that "[t]wo of the consortium members fled the country following the sale, and the third died in Germany shortly thereafter."[2] *Philipp III*, 141 S. Ct. at 708.

The Supreme Court, in a unanimous opinion, noted that the Foreign Sovereign Immunities Act, 28 U.S.C. § 1604 *et seq.*, created a presumption of immunity from suit for foreign states, *see Philipp III*, 141 S. Ct. at 709. The Court held that "the phrase 'rights in property taken in violation of international law,' as used in the [Act's] expropriation exception, refers to violations of the international law of expropriation and thereby incorporates the domestic takings rule." *Id.* at 715. Under that rule, foreign states and their agencies remain immune in cases dealing with "a foreign sovereign's taking of its own nationals' property." *Id.* at 709. To avoid this bar, plaintiffs had for the first time in the litigation suggested to the Supreme Court that their ancestor art firm owners were not really German nationals at the time of the 1935 sale. In vacating and remanding the case, the Supreme Court instructed our court to "direct the District Court to consider this argument, including whether it was adequately preserved below." *Id.* at 716.

The district court, Kollar-Kotelly, J., determined in a thorough opinion that plaintiffs had not preserved their not-German-nationals claim because they failed to raise it in their

---

[2] The Court doubtless meant, not that two of the art firms "fled" from Germany, but that two of the firms' owners did so and that the third owner died in Germany.

original complaint, or in their amended complaint, or at any point in the lengthy proceedings in the district court, or in their brief or oral argument the first time this case went on appeal to this court. *See Philipp V*, 628 F. Supp. 3d at 22. Judge Kollar-Kotelly also denied plaintiffs leave to amend their complaint to add additional allegations regarding the nationality of the art firm owners. *See Philipp IV*, 2021 WL 3144958, at *8. We agree with both rulings.

To preserve a claim, a party must raise it "squarely and distinctly." *Bronner on Behalf of Am. Stud. Ass'n v. Duggan*, 962 F.3d 596, 611 (D.C. Cir. 2020) (quoting *Schneider v. Kissinger*, 412 F.3d 190, 200 n.1 (D.C. Cir. 2005)). Plaintiffs had every opportunity to claim in their first set of district court and appellate proceedings that the owners of the art firms were not German nationals at the time of the 1935 transaction. They did not do so, even though the defendants moved to dismiss their complaint on the ground that domestic takings do not come within the Act's immunity exception. *See Philipp I*, 248 F. Supp. 3d at 72. Plaintiffs' position was that SPK lacked immunity in view of a separate doctrine derived from this Court's decision in *Simon v. Republic of Hungary*, 812 F.3d 127 (D.C. Cir. 2016), *see Philipp II*, 894 F.3d at 411, a doctrine the Supreme Court rejected in *Philipp III*, *see* 141 S. Ct. at 715.

Plaintiffs respond that "they were not required to preserve—and did not waive—an alternate argument . . . which no court could have reached until the Supreme Court" ruled in *Philipp III*. Appellants' Brief at 43. They are incorrect. From the very beginning, plaintiffs could have raised their not-German-nationals theory alongside their original, *Simon*-based theory. Either theory, if accepted, could have defeated SPK's claim of immunity, and both the district court and our court could have reached the not-German-nationals theory even before the Supreme Court's decision in *Philipp III*.

As to plaintiffs' motion for leave to amend their complaint, the district court did not abuse its discretion in refusing to grant the motion. The case came back to the district court on remand following the Supreme Court's ruling in *Philipp III*. Under the "mandate rule," the district court "had no 'power or authority to deviate from the mandate.'" *Role Models Am., Inc. v. Geren*, 514 F.3d 1308, 1311 (D.C. Cir. 2008) (quoting *Briggs v. Pa. R.R. Co.*, 334 U.S. 304, 306 (1948)). Our mandate, which mirrored the Supreme Court's, directed the district court to determine whether plaintiffs had "adequately preserved" their argument that the art firm owners were non-German nationals at the time of the taking. *Philipp v. Fed. Republic of Germany*, 839 F. App'x 574 (D.C. Cir. 2021); *Philipp III*, 141 S. Ct. at 716.

The district court correctly understood those mandates to preclude plaintiffs from amending their pleadings with allegations to support arguments not preserved on the existing record. The Supreme Court's mandate directed us to instruct the district court to determine whether plaintiffs preserved their not-German-nationals argument. That mandate would make little sense if it also allowed the district court to permit plaintiffs to cure any failure to preserve that argument by amending their complaint.

*Affirmed.*