[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 5, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-10157

_____

D. C. Docket No. 02-80527-CV-KLR

SEB S.A.,

Plaintiff,

versus

SUNBEAM CORPORATION,
SUNBEAM PRODUCTS, INC.,

Defendants-
Third-Party-Plaintiffs-
Appellees,

WING SHING INTERNATIONAL LTD. (BVI),

Defendant-
Third-Party -Defendant,

PENTALPHA ENTERPRISES, LTD.,

Defendant-
Third-Party-Defendant-
Appellant,

GLOBAL-TECH APPLIANCES, INC.,

Third-Party-Defendant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

**(February 5, 2007)**

Before PRYOR and FAY, Circuit Judges, and STEELE,[*] District Judge.

PRYOR, Circuit Judge:

The issue in this appeal is on what date prejudgment interest ceased to accrue and postjudgment interest began to accrue on a jury verdict against Sunbeam Corporation and Sunbeam Products, Inc., (collectively "Sunbeam") and in favor of Pentalpha Enterprises, Inc., for breach of contract. In a previous appeal, this Court reversed in part the judgment entered by the district court on the jury verdict, because the calculation of prejudgment interest was erroneous. On remand, the district court determined that prejudgment interest ceased to accrue and postjudgment interest began to accrue on the date of its original judgment. Because we conclude that prejudgment interest ceased to accrue and postjudgment interest began to accrue on the date of the amended judgment, we reverse.

_____

[*] Honorable William H. Steele, United States District Judge for the Southern District of Alabama, sitting by designation.

## I. BACKGROUND

This controversy based on diversity jurisdiction arose from a complaint filed by SEB S.A. against Sunbeam, Global-Tech Appliances Inc. (formerly known as Wing Shing International Ltd. (BVI)), and Pentalpha for patent infringement. Sunbeam later filed a third-party complaint and a cross-claim against Global-Tech and Pentalpha for indemnification, and Pentalpha filed a counterclaim against Sunbeam for fraud and breach of contract. The cross-claim for indemnification and the counterclaim for breach of contract proceeded to a jury trial.

On January 16, 2004, the jury returned its verdict. On the claim for breach of contract, the jury awarded Pentalpha $6,600,000. The district court entered judgment on February 11, 2004, and awarded Pentalpha $6,600,000 plus $32,909.59 of prejudgment interest for the period from the date of the jury verdict to the date of the judgment.

On appeal, this Court affirmed the jury verdict, but remanded with instructions to award additional prejudgment interest. SEB S.A. v. Sunbeam Corp., No. 04-12465, 2005 WL 1926418, at *22 (11th Cir. Aug. 12, 2005). The opinion of this Court explained that Pentalpha was entitled to prejudgment interest from June 30, 2001, not the later date of the jury verdict. Id. at *19, *22. The mandate issued on September 12, 2005, and incorporated the opinion by reference.

3

On December 12, 2005, the district court entered an order and an amended judgment, in which it corrected its error. The district court also determined that prejudgment interest ceased to accrue and postjudgment interest began to accrue on February 11, 2004, the date of its original judgment. Pentalpha objected that Florida law required that prejudgment interest accrue until the date of the amended judgment and Federal Rule of Appellate Procedure 37 required that postjudgment interest begin to accrue on that date.

## II. STANDARD OF REVIEW

We review <u>de novo</u> both the interpretation of a federal rule of procedure, <u>Vencor Hosps., Inc. v. Standard Life & Accident Ins. Co.</u>, 279 F.3d 1306, 1308 (11th Cir. 2002), and the calculation of prejudgment interest, when that calculation depends on the construction of state law, <u>Alphamed, Inc. v. B. Braun Med., Inc.</u>, 367 F.3d 1280, 1285 (11th Cir. 2004).

## III. DISCUSSION

To resolve this appeal, we must address two matters: first, under Federal Rule of Appellate Procedure 37, when postjudgment interest began to accrue; and second, whether prejudgment interest accrued until that date. We address each issue in turn.

*A. Under Rule 37, Postjudgment Interest Began to Accrue on the Date*
*of the Amended Judgment.*

4

Pentalpha contends that the district court exceeded the scope of its authority under Rule 37. Pentalpha asserts that, under Rule 37(b), the district court had no choice but to begin postjudgment interest on the date of the amended judgment. We agree.

Rule 37 governs the award of postjudgment interest by a district court after an appeal. See Fed. R. App. P. 37. When the appellate court affirms "a money judgment in a civil case," postjudgment interest "is payable from the date when the district court's [original] judgment was entered," unless the law provides otherwise. Fed. R. App. P. 37(a). When the appellate court "modifies or reverses a judgment with a direction that money judgment be entered in the district court, the mandate [the appellate court issues] must contain instructions about the allowance of interest." Fed. R. App. P. 37(b). "If the mandate is silent about interest, . . . the district court on remand has no choice but to begin postjudgment interest with entry of the postremand judgment." 20A James Wm. Moore et al., Moore's Federal Practice § 337.12[3] (3d ed. 2006); accord 16A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3983 (3d ed. 1999).

The default rule that postjudgment interest accrues from the date of the amended judgment when the mandate is silent about interest derives from Briggs v. Pennsylvania Railroad Co., 334 U.S. 304, 68 S. Ct. 1039 (1948), which Rule 37

"codifie[d]."  DeLong Equip. Co. v. Wash. Mills Electro Minerals Corp., 997 F.2d

1340, 1341 (11th Cir. 1993).  The Briggs rule is that a district court "faced with a

mandate to award $x . . . may not award $x plus interest from an earlier date."  Id.

at 1342.  A party "who conceives himself entitled to interest from a date other than

the date of entry of judgment in accordance with the mandate" should petition the

court of appeals to recall and amend the mandate.  Fed. R. App. P. 37 advisory

committee's note; see also DeLong, 997 F.2d at 1341 (amending mandate with

respect to postjudgment interest on motion by plaintiff).

The default rule derived from Briggs governs this appeal.  In the first appeal,

we modified the original money judgment against Sunbeam.  Contrary to the

assertion of Sunbeam, it is irrelevant that we affirmed the jury verdict, because we

modified the amount of prejudgment interest, which "'forms part of the actual

amount of a judgment on a claim.'"  Ins. Co. of N. Am. v. Lexow, 937 F.2d 569,

572 n.4 (11th Cir. 1991) (quoting FIGA v. R.V.M.P. Corp., 874 F.2d 1528, 1533

(11th Cir. 1989)); see also Air Separation, Inc. v. Underwriters at Lloyd's of

London, 45 F.3d 288, 290 (9th Cir. 1995) (describing prejudgment interest as a

"component of a district court's monetary judgment").

Because we did not provide instructions in our mandate or opinion regarding

postjudgment interest, the district court had no choice but to begin postjudgment

6

interest on the date of its amended judgment. When the district court determined that postjudgment interest instead began on the date of its original judgment, it exceeded the scope of its authority under Rule 37. "'[T]he appropriate procedure [was for Sunbeam] to file a motion to reform the mandate under [Rule] 37.'" Tronzo v. Biomet, Inc., 318 F.3d 1378, 1382 (Fed. Cir. 2003) (quoting Vickers v. Chiles Drilling Co., 882 F.2d 158, 159 (5th Cir. 1989)).

*B. Prejudgment Interest Ceased to Accrue on the Date of the Amended Judgment of the District Court.*

The remaining question is whether prejudgment interest ceased to accrue on the date of the original judgment, as the district court concluded, or the date of the amended judgment. If prejudgment interest ceased to accrue on the date of the original judgment, there will be a gap of nearly two years for which Pentalpha is not awarded any interest. "In a diversity case we follow the state law governing the award of [prejudgment] interest," Royster Co. v. Union Carbide Corp., 737 F.2d 941, 948 (11th Cir. 1984), and Pentalpha contends that Florida law requires that prejudgment interest accrue until the date of the amended judgment. We agree.

The Supreme Court of Florida has held that a plaintiff is entitled to prejudgment interest as a matter of law. Argonaut Ins. Co. v. May Plumbing Co., 474 So. 2d 212, 215 (Fla. 1985). The computation of prejudgment interest is "a

7

mathematical computation" and "a purely ministerial duty." Id. "No 'finding of fact' is needed," and no discretion is permitted. Id.

The only reported decision of a Florida court of which we are aware that addressed this ministerial function is a decision of an intermediate appellate court, City of Tallahassee v. Block Land & Finance Co., 705 So. 2d 714 (Fla. Dist. Ct. App. 1998). The court in Block Land affirmed a judgment but remanded with respect to the award of prejudgment interest. Id. The court instructed the trial court that prejudgment interest should accrue until the date of the forthcoming amended judgment of the trial court. Id.

We have previously determined that Florida law does not allow for a gap in the award of prejudgment and postjudgment interest. See Bel-Bel Int'l Corp. v. Cmty. Bank of Homestead, 162 F.3d 1101, 1110-11 (11th Cir. 1998). The district court in Bel-Bel had awarded prejudgment interest until the date of its original judgment but began postjudgment interest on the date of its amended judgment. The result of that calculation was a gap of nearly eight months for which no interest was awarded, and we reversed. We explained that Florida law did not allow for the gap:

> A prevailing party is entitled, under Florida law, to prejudgment
> interest. See Argonaut Ins. Co. v. May Plumbing Co., 474 So. 2d 212,
> 214-15 (Fla. 1985). Prejudgment interest is, by definition, interest
> that accrues until judgment is rendered. Because final judgment was

8

> not rendered in this case until [the date of the amended judgment], Bel-Bel was entitled to prejudgment interest at the statutory rate that had accrued until that date.

Id. We then remanded to the district court with instructions to award prejudgment interest until the date of the amended judgment. Id. at 1111.

The import of Argonaut Insurance and Bel-Bel is that prejudgment interest accrues until the date of the judgment after which postjudgment interest begins to accrue. The district court erred. Because postjudgment interest for Pentalpha began to accrue on the date of the amended judgment, the district court should have awarded prejudgment interest until that date.

## IV. CONCLUSION

The order and the amended judgment of the district court are **VACATED** to the extent that they terminate prejudgment interest for Pentalpha on February 11, 2004, and begin postjudgment interest for Pentalpha on that date, and this matter is **REMANDED** with instructions to terminate prejudgment interest for Pentalpha on December 12, 2005, and begin postjudgment interest for Pentalpha on that date.