[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-10667

_____

NORTHEASTERN ENGINEERS FEDERAL
CREDIT UNION,
PITTSFIELD COOPERATIVE BANK,
PHENIX-GIRARD BANK,
KELSEY O'BRIEN,
FIRST FINANCIAL CREDIT UNION,
et al.,

Plaintiffs-Appellees,

*versus*

HOME DEPOT, INC.,
THE HOME DEPOT U.S.A., INC.,

Defendants-Appellants.

———————————————

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:14-md-02583-TWT

———————————————

Before WILSON, GRANT, and TJOFLAT, Circuit Judges.

PER CURIAM:

In a previous appeal in this class action, *In re Home Depot Inc., Customer Data Security Breach Litigation (Home Depot I),* 931 F.3d 1065, 1072 (11th Cir. 2019), we considered Home Depot's challenge to the attorney's fee the District Court awarded to Class Counsel pursuant to a fee-shifting provision contained in the parties' court-approved settlement agreement. The District Court awarded an attorney's fee of $15.3 million. It did so by multiplying a lodestar amount of $11.733 million by a multiplier of 1.3; the multiplier was to compensate Class Counsel for the risk they undertook in representing the plaintiff class. We affirmed the lodestar amount but reversed the District Court's use of the multiplier to enhance it. We therefore remanded the case for the award of an attorney's fee of $11.733 million.

On remand, the District Court awarded Class Counsel an attorney's fee of $14.1 million, which was thirty-three percent of the benefit the class purportedly received pursuant to the settlement agreement. The law of the case doctrine and *Home Depot I*'s mandate precluded the District Court from awarding Class Counsel an

attorney's fee other than the $11.733 million lodestar plus interest. We therefore remand the case and instruct the District Court to enter an order requiring Home Depot to pay Class Counsel the sum of $11.733 million plus interest from the date of the amended fee award.

## I.

Our opinion in *Home Depot I* sets out the facts in full, so we provide an abbreviated version here. Between April 2014 and September 2014, Home Depot was the subject of a massive data breach. Hackers stole the debit and credit card information of approximately 56 million Home Depot customers and sold that information to thieves who then made thousands of fraudulent transactions using the customers' credit and debit card numbers. *Id* at 1076.

Following the data breach, the customers and the financial institutions that issued the compromised cards filed a series of class actions, alleging that Home Depot failed to secure its customers' data. *Id.* The United States Panel on Multidistrict Litigation consolidated the actions in the Northern District of Georgia, where the District Court split the litigation into two separate tracks: a consumer track and a bank track. *Id.* *Home Depot I* involved the so-called "bank track" comprised of a number of different financial institutions. *Id.*

In brief, the Class Representatives and Home Depot reached a settlement agreement, and the District Court approved it. *Id.* at 1075. As part of the agreement, Home Depot agreed to pay Class Counsel "reasonable attorneys' fees, costs, and expenses" as

determined by the District Court.  *Id.*  The agreement, however, did not specify what a "reasonable" fee would be.  *Id.*  Nor did it specify the method the District Court should use in determining the fee.

Once the District Court approved the settlement agreement, Class Counsel moved the court for an attorney's fee award of $18 million.  Class Counsel argued that this amount was reasonable under either the percentage method or the lodestar method and did not take a stance on which method the District Court should use.[1]  *Home Depot I*, 931 F.3d at 1076.  Home Depot, on

---

[1] Ordinarily, there are two methods for calculating attorney's fees in class actions: the percentage method and the lodestar method.  The percentage method is ordinarily used in "common fund" cases; the court awards the attorney's fee based on a percentage of the common fund.  *See Camden I Condo. Ass'n v. Dunkle*, 946 F.2d 768, 774 (11th Cir. 1991).  The common fund consists of any benefits resulting from the litigation that flow to the class members.  This benefit includes the funds ultimately used to pay the class members' attorney's fee.  *Id.*

The lodestar method is used in "fee-shifting" cases; the court awards the attorney's fee pursuant to a contract between the parties, as in the instant case, or pursuant to statute.  *Home Depot I*, 931 F.3d at 1081-82; *see, e.g.*, 42 U.S.C. § 1988.  Under this method, the court awards class counsel an attorney's fee based on the hours reasonably spent on the case; the court multiplies the number of reasonable hours times a reasonable hourly rate.  *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 1939 (1983).  Importantly, the defendant pays the attorney's fee using its own funds rather than the common fund received by the class members.  *See Home Depot I*, 931 F.3d at 1079.

To reach $18 million under the lodestar method, Class Counsel suggested a lodestar of $11.733 million and a multiplier of 1.53.  To get to $18

the other hand, argued that the Court was required to use the lodestar method and suggested that a fee of $5.6 million was reasonable. *Id.*

The District Court found that the lodestar approach was the proper method of calculating attorney's fees and accepted the lodestar proposed by Class Counsel. *Id.* To account for the "exceptional litigation risk that class counsel took in litigating this case," the Court then applied a multiplier of 1.3 to arrive at a total fee award of $15.3 million. *Id.* As a means of justifying the $15.3 million award, the District Court compared, i.e., "cross-checked," that award with the attorney's fee it would have awarded Class Counsel under the percentage method (had it decided the percentage method was the appropriate method). *Id.* at 1076–77. According to the cross-check, the Court would have awarded Class Counsel $14.1 million, one-third of an estimated $42.5 million common fund.[2] In short, the attorney's fee the Court awarded, $15.3

---

million under the percentage method, Class Counsel suggested that the class benefit was $60.85 million and that 29.7% of that totaled $18 million.

[2] In *Home Depot I*, we noted that "[c]ourts often use a cross-check to ensure that the fee produced by the chosen method is in the ballpark of an appropriate fee." 931 F.3d at 1091 (citing *In re Gen. Motors Corp.*, 55 F.3d 768, 820 (3d Cir. 1995)). We also noted that it is not necessary to use a cross-check in a fee-shifting case like this and that in most fee-shifting cases doing so is not viable. *Id.* at 1091 n. 25. Indeed, a closer look at the use of percentage cross-checks shows that "the circumstances in which the percentage cross-check may be logically deployed are so few that the term itself can be found in only about a dozen cases." 5 William B. Rubenstein, *Newberg on Class Actions* § 15:92.

million, exceeded the fee it would have awarded had it used the percentage method.

Home Depot appealed the District Court's attorney's fee award, arguing that the attorney's fee award was excessive and therefore not "reasonable" within the meaning of the attorney's fee provision of the settlement. *See id.* at 1077–1078. It was excessive, Home Depot contended, because the District Court (1) included time Class Counsel spent on unrelated matters[3] and (2) erroneously applied a "multiplier" to the lodestar to account for Class Counsel's risk in undertaking the plaintiffs' representation. *Id.*

Class Counsel countered Home Depot's arguments head on and defended the District Court's attorney's fee decision. Class Counsel also filed a "conditional cross-appeal" in which they challenged the District Court's application of the percentage cross-check. *Id.* at 1078. Class Counsel asked that if we reversed or modified the attorney's fee award and remanded the case for reconsideration, we instruct the District Court to include the fee award in the class benefit when performing the cross-check of a new lodestar. *Id.*

---

[3] Specifically, Home Depot argued that Class Counsel should not have been given credit for hours spent opposing Home Depot's attempts to secure releases from the smaller financial institutions or in soliciting class representatives. More generally, Home Depot also argued that the District Court failed to provide sufficient detail in its fee award to allow for meaningful review. Home Depot did not dispute the rates requested by Class Counsel.

On July 25, 2019, this Court issued an opinion affirming the District Court's attorney's fee award "in all respects except one." *Id.* at 1072. We found no error in the District Court's calculation of the lodestar of $11.733 million and therefore affirmed its use in fixing the attorney's fee award. *Id.* at 1086–91. But we found error in the Court's use of the 1.3 multiplier to compensate Class Counsel for the risk in undertaking the plaintiffs' representation because the lodestar already took such risk into account. *Id.* at 1085 (citing *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553, 130 S. Ct. 1662, 1673 (2010)). Compensating Class Counsel for risk via the multiplier would have resulted in a windfall to Class Counsel. *Id.* As for Class Counsel's conditional cross-appeal, we found no error in District Court's calculation of the class benefit in cross-checking its $15.3 million attorney's fee award.[4] *Id.* at 1091–93. We then remanded the case for "further proceedings consistent with [our] opinion." *Id.* at 1094.

Following our decision, Class Counsel and Home Depot disagreed as to *Home Depot I*'s holdings and the District Court's task on remand. Home Depot contended that we affirmed the $15.3 million attorney's fee award with one exception: the District Court erred in enhancing the $11.733 million lodestar with a 1.3 multiplier. The District Court's task on remand was ministerial: enter judgment for Class Counsel for $11.733 million plus interest.

---

[4] Actually, whether or not the District Court erred was of no moment because the District Court was not required to conduct a cross-check in the first place.

Class Counsel contended that we vacated the attorney's fee award in its entirety and remanded the case with the instruction that the District Court redetermine the attorney's fee from scratch. Class Counsel read our opinion as holding that the District Court's error in applying the 1.3 multiplier somehow rendered its correct application of the lodestar infirm and therefore required the vacation of the attorney's fee award entirely.[5]

According to Class Counsel, we left the District Court free to assess the attorney's fee pursuant to the lodestar method or the percentage method. If the Court fixed the fee pursuant to the lodestar method, the law of the case doctrine precluded it from using a multiplier to compensate Class Counsel for the risk it undertook in representing the plaintiff class. If the Court fixed the fee pursuant to the percentage method, it should assume a class benefit of $42.5 million (the benefit the Court calculated earlier in cross-checking its original $15.3 million fee award) and award an attorney's fee of one-third of that benefit, i.e., $14.1 million.

The District Court chose the percentage method Class Counsel proffered. The Court awarded Class Counsel $14.1 million plus interest from the date of the $15.3 million fee award, for a total of $14,532,418.31, and entered an order accordingly.

Home Depot now appeals the District Court's new fee award. Home Depot argues the increased fee award should be reversed with instructions that the District Court award Class

---

[5] Class Counsel thereby implied that we would have affirmed the attorney's fee award had the District Court not erred by applying the multiplier.

Counsel attorney's fees in the sum of $11.733 million plus interest. Class Counsel disagrees and defends the District Court's new fee award.

## II.

### A.

The law of the case doctrine holds that "the findings of fact and conclusions of law by an appellate court are generally binding in all subsequent proceedings in the same case in the trial court or on a later appeal." *Heathcoat v. Potts*, 905 F.2d 367, 370 (11th Cir. 1990) (internal quotation mark omitted). And "while the doctrine encompasses only those issues previously determined, . . . the law is clear that it comprehends things *decided by necessary implication* as well as those decided explicitly." *Wheeler v. City of Pleasant Grove*, 746 F.2d 1437, 1440 (11th Cir. 1984) (emphasis in original) (internal citations and quotations omitted) (collecting cases).

On remand, in addition to applying the law of the case, the trial court must "implement both the letter and the spirit of the [appellate court's] mandate."[6] *Piambino v. Bailey*, 757 F.2d 1112,

---

[6] The "mandate rule" is simply a "specific application of the 'law of the case' doctrine." *Piambino*, 757 F.2d at 1120 (citing *Greater Boston Television Corp. v. Fed. Commc'ns Comm'n*, 463 F.2d 268, 279 (D.C. Cir. 1971), *cert denied*, 406 U.S. 950, 92 S. Ct. 2402 (1972)). It "stands for the proposition that an appellate decision on an issue must be followed in all subsequent trial court proceedings unless the presentation of new evidence or an intervening change in the controlling law dictates a different result, or the appellate decision is clearly erroneous and, if implemented, would work a manifest injustice." *Id.* (citing

1119 (11th Cir. 1985) (citing *Nixon v. Richey*, 513 F.2d 430, 435–36 (D.C. Cir. 1975), *aff'd on other grounds*, 433 U.S. 425, 97 S. Ct. 2777 (1977)). Thus, the trial court "may not alter, amend, or examine the mandate, or give any further relief or review, but must enter an order in strict compliance with the mandate." *Id.* (citing *In re Sanford Fork & Tool Co.*, 160 U.S. 247, 255, 16 S. Ct. 291, 293 (1895)). One final point: the mandate is, by necessity, responsive to the issues presented on appeal and resolved. *See id.*

We look to the parties' briefs for the issues they presented to the *Home Depot I* panel. Home Depot essentially presented one issue: whether the attorney's fee award was excessive. Home Depot argued that it was excessive on two grounds.[7] First, the District Court erred when it included in the lodestar the hours Class Counsel spent soliciting plaintiffs and opposing the card-brand recovery process. *Home Depot I*, 931 F.3d at 1087–88. Second, the District Court erred in using a multiplier to account for Class Counsel's risk in taking the case. *Id.* at 1082. Class Counsel disagreed. They argued that the attorney's fee was not excessive—that the District Court did not err in calculating the lodestar or in applying the multiplier.

---

*Westbrook v. Zant*, 743 F.2d 764, 768–69 (11th Cir. 1984); *Baumer v. United States,* 685 F.2d 1318, 1320 (11th Cir. 1982)).

[7] Home Depot also questioned whether the District Court's ruling was amenable to appellate review. *Home Depot I*, 931 F.3d at 1088. We found this argument to be without merit. *Id.* at 1091.

In *Home Depot I*, we rejected the first ground of Home Depot's excessiveness argument but sustained its second ground. *Id.* at 1086, 1088. We therefore affirmed the attorney's fee award "in all respects except one": the enhancement of the $11.733 million lodestar via the 1.3 multiplier. *Id.* at 1072. We held that in a fee-shifting case like this one, it is inappropriate to use a multiplier to account for risk. *See id.* at 1085 (noting that one reason the Supreme Court has limited the use of multipliers to rare circumstances is because it leads to a windfall for attorneys). The inappropriate enhancement of the lodestar via the 1.3 multiplier, however, did not render the lodestar infirm. To the contrary, we found the lodestar fully supported by the record. *See id.* at 1088. The lodestar represented a reasonable fee under the fee-shifting provision of the settlement agreement. The District Court erred in disregarding that implicit holding, which was included in the law of the case, and in opting to award an attorney's fee pursuant to the percentage method. The Court should have awarded the fee called for by the lodestar sans multiplier.[8]

## B.

As a final matter, we address the issue of interest. On remand, the District Court awarded Class Counsel interest on the $14.1 million percentage cross-check award from the date of the

---

[8] This is a task we have asked district courts to perform previously. *See, e.g.*, *McKenzie v. Cooper, Levins & Pastko, Inc.*, 990 F.2d 1183, 1186 (11th Cir. 1993) (reversing the fee award only insofar as it included a multiplier).

original fee award (October 11, 2017).  Home Depot argues that the District Court erred.  We look first to the settlement agreement.  The settlement agreement states that "[i]f an appeal is taken from an order approving Class Counsel's fee request, Home Depot will pay interest on the amount awarded, as ultimately approved or reduced on appeal, at the same rate as applicable to any final judgment."  This language thus directs the *rate* that should be used to calculate the interest but does not designate at what *date* the interest should begin to accrue.

We therefore turn to the Federal Rules of Appellate Procedure.  Rule 37 governs the award of postjudgment interest by a district court after an appeal.  *See* Fed. R. App. P. 37.  When the appellate court affirms "a money judgment in a civil case," postjudgment interest "is payable from the date when the district court's [original] judgment was entered," unless the law provides otherwise.  Fed. R. App. P. 37(a).  If the appellate court modifies or reverses a judgment, as was the case here, the mandate "must contain instructions about the allowance of interest."  Fed. R. App. P. 37(b).  If the mandate is silent on the issue of interest, "the district court on remand [has] no choice but to begin postjudgment interest on the date of the amended judgment."  *SEB S.A. v. Sunbeam Corp.*, 476 F.3d 1317, 1319 (11th Cir. 2007).  Because we did not provide instructions regarding interest in our prior opinion, the District Court was required to award interest from the date of the amended fee award (January 23, 2020).

### III.

For the forgoing reasons, we vacate the District Court's order and remand with instructions that the District Court award Class Counsel attorney's fees in the original lodestar amount of $11,773,932 plus interest from January 23, 2020.

**VACATED AND REMANDED**