[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 19-14689

_____

ESTATE OF PHYLLIS M. MALKIN,
By its Personal Representative, Toni Ellen Guarnero,

Plaintiff-Counter Defendant-
Appellee-Cross Appellant,

versus

WELLS FARGO BANK, NA,
as Securities Intermediary,

Defendant-Third Party Plaintiff-
Appellant-Cross Appellee,

2                    Opinion of the Court                    19-14689

BERKSHIRE HATHAWAY LIFE INSURANCE
COMPANY OF NEBRASKA,

Defendant-Counter Claimant-
Appellant-Cross Appellee.

_____

Appeals from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:17-cv-23136-MGC

_____

Before GRANT and BRASHER, Circuit Judges.[1]

PER CURIAM:

The relevant facts of this appeal are set out in *Estate of Malkin v. Wells Fargo Bank, NA*, 998 F.3d 1186 (11th Cir. 2021). To briefly summarize here, the district court found Berkshire Hathaway Life Insurance Company of Nebraska and Wells Fargo Bank, N.A. liable to Phyllis Malkin's estate for the proceeds of a $4 million life insurance policy from American General Life Insurance Company. *See id.* at 1190. The court concluded that the policy was an illegal stranger-originated life insurance ("STOLI") policy that was void under Delaware's insurable interest statute, Delaware Code Annotated Title 18, § 2704(a). *Id.* On appeal,

_____

[1] This opinion is being issued by a quorum. *See* 28 U.S.C. § 46(d).

Berkshire and Wells Fargo challenged that finding along with the district court's conclusion that Delaware's Uniform Commercial Code did not provide them with affirmative defenses against liability under § 2704(b). *Id.* at 1193, 1198. Berkshire also argued that the court incorrectly dismissed its counterclaims against the estate for unjust enrichment, fraudulent misrepresentation, and negligent misrepresentation. *Id.* at 1199. The estate cross-appealed to challenge the district court's calculation of prejudgment interest. *Id.* at 1201.

In our previous decision, we held that the district court properly found the insurance policy void as an illegal STOLI policy. *Id.* at 1198. We also vacated the dismissal of Berkshire's misrepresentation counterclaims. *Id.* at 1201. But we concluded that other arguments raised novel issues of Delaware law, so we certified two questions to the Delaware Supreme Court:

1. If an insurance contract is void under Del. Code. Ann. tit. 18, § 2704(a) and *PHL Variable Insurance Co. v. Price Dawe 2006 Insurance Trust, ex rel. Christiana Bank & Trust Co.*, 28 A.3d 1059, 1073 (Del. 2011), is the party being sued under § 2704(b), as a third-party purchaser of the contract and holder of the proceeds, entitled to assert either a bona fide purchaser defense under Del. Code Ann. tit. 6, § 8-502, or a securities intermediary defense under Del. Code Ann. tit. 6, § 8-115?

2. If an insurance contract is void under Del. Code Ann. tit. 18, § 2704(a) and *PHL Variable Insurance Co. v. Price*

> *Dawe 2006 Insurance Trust, ex rel. Christiana Bank & Trust Co.*, 28 A.3d 1059, 1073 (Del. 2011), can the party that is being sued under § 2704(b) recover premiums it paid on the void contract?

*Id.* at 1202. We reserved judgment on the issue relating to prejudgment interest pending the Delaware Supreme Court's answers. *Id.* at 1201.

This case now returns to us from the Delaware Supreme Court, which answered both of our questions. *See Wells Fargo Bank, N.A. v. Est. of Malkin*, No. 172, 2021, 2022 WL 1671966 (Del. May 26, 2022). It answered the first question in the negative, explaining that "in the *sui generis* context of STOLI schemes," the UCC defenses are not available. *Id.* at *1. The court reasoned that defendants to an action under § 2704(b) "do not face an 'adverse claim' as the Delaware UCC defines that term." *Id.* It answered the second question in the affirmative, stating that a party can recover premiums that it paid on the void contract if it "can prove its entitlement to those premiums under a viable legal theory." *Id.*

We thank the Delaware Supreme Court for its answers, which largely resolve this appeal. In light of the answers, we conclude that the district court properly rejected the defendants' UCC defenses and affirm that decision. We also conclude that the district court erred by dismissing Berkshire's unjust enrichment counterclaim on the ground that Delaware law cannot support an equitable cause of action in this context. *See Est. of Malkin*, 998 F.3d at 1199. We vacate that dismissal and remand for further

consideration of the claim, including whether Berkshire can "establish the elements" of unjust enrichment. *Wells Fargo*, 2022 WL 1671966, at *14.

We now turn to the estate's cross-appeal of the prejudgment interest award. When the calculation of prejudgment interest depends on the construction of state law, we review it de novo. *SEB S.A. v. Sunbeam Corp.*, 476 F.3d 1317, 1319 (11th Cir. 2007). The district court determined that prejudgment interest should run from October 31, 2017, when the estate served Wells Fargo with its complaint. The estate argues that the correct accrual date is October 29, 2014, when the insurance company paid out the policy proceeds to Berkshire. *Est. of Malkin*, 998 F.3d at 1201.

We agree with the district court's calculation. As this Court recognized in *Sun Life Assurance Co. of Canada v. U.S. Bank National Ass'n*, the "general rule in Delaware is that interest starts on the date when payment should have been made." 693 F. App'x 838, 841 (11th Cir. 2017) (unpublished) (quotations omitted). There are two rules guiding this principle, each depending on the type of claim the plaintiff asserts. "In cases where the claimant demands payment from the defendant, but the defendant wrongfully refuses, prejudgment interest accrues from the date of the defendant's refusal." *Id.* But where "the claimant seeks a refund of payments it never should have made, prejudgment interest accrues from the date of the claimant's payments." *Id.*

The estate contends that it falls in the second category, which is the one this Court concluded applied to U.S. Bank in *Sun*

*Life. See id.* But in that case, U.S. Bank sought "the refund of premium payments that it never should have made because the Policy was void from its inception." *Id.* Here, however, the estate is not seeking to recover anything it paid. It instead claims to be entitled to the policy proceeds that were paid by the insurance company. The estate's claim therefore falls under the first rule, and the district court did not err by calculating prejudgment interest from October 31, 2017, when the estate demanded payment of the policy proceeds.[2]

Finally, we do not consider Wells Fargo's argument that it should not be liable under § 2704(b) because it did not keep the policy proceeds for itself. In its ruling on the parties' summary judgment motions, the district court expressly left undecided "the apportionment of damages between Berkshire and Wells Fargo." In a joint status report that followed, the parties stated that "all claims, defenses, and counterclaims raised in their various pleadings have been resolved," and agreed, with the exception of certain unresolved motions, that "the matter is otherwise ripe for the entry of a final judgment in favor of the Estate, jointly and severally against Defendants." Wells Fargo therefore waived its argument against joint and several liability.[3]

---

[2] The estate does not challenge the district court's finding that the defendants' refusal occurred on October 31, 2017.

[3] As the Delaware Supreme Court noted, other avenues may provide a securities intermediary with protection from ultimate liability, "such as general principles of agency law or its contract with its customer." *Wells*

⋆    ⋆    ⋆

We **AFFIRM** the district court's judgment in favor of the estate on its § 2704(b) claim against Berkshire and Wells Fargo and the court's calculation of prejudgment interest. We **VACATE** the dismissal of Berkshire's unjust enrichment counterclaim and **REMAND** to the district court for further proceedings consistent with this opinion and that of the Delaware Supreme Court.

---

*Fargo Bank, N.A. v. Est. of Malkin*, No. 172, 2021, 2022 WL 1671966, at ⋆10 (Del. May 26, 2022).